**FILED**

**FEBRUARY 21, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DENEENE D. ERVIN, ELIZABETH L. DYE, and DAWN HARDY, on behalf of themselves and all other persons similarly situated, known and unknown, )<br><br>Plaintiffs, )<br><br>v. )<br><br>OS RESTAURANT SERVICES, INC, d/b/a OUTBACK STEAKHOUSE, )<br><br>Defendant. ) | **08 C 1091**<br><br>Case No.<br><br>**JUDGE GUZMAN<br>MAGISTRATE JUDGE DENLOW** |

## COMPLAINT

Plaintiffs Deneene D. Ervin, Elizabeth L. Dye, and Dawn Hardy, on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys and for their complaint against Defendant OS Restaurant Services, Inc., d/b/a Outback Steakhouse ("Outback"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1.     This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, *et seq.*, for Defendant's failure to pay Plaintiffs and other similarly-situated employees earned minimum wage, overtime and straight time wages.  Outback operates restaurants in all 50 states, including approximately 786 restaurants in the United States and 19 restaurants in the state of Illinois, under the name Outback Steakhouse.  http://wrightreports.ecnext.com/coms2/reportdesc_COMPANY_67104A101.

Plaintiffs and the classes they represent are current and former employees of Defendant, working as servers, bartenders, hosts, and other tipped employees.

Defendant paid its tipped employees sub-minimum hourly wages under the tip-credit provisions of the IMWL and FLSA. Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions. Defendant disregarded those requirements, and thus violated the state and federal minimum wage and overtime laws. Chiefly, Defendant has a policy of regularly assigning tipped employees, paid sub-minimum wages, to perform an array of duties outside the duties of their tipped positions. In addition, Defendant requires tipped employees to work off-the-clock.

Defendant also fails to pay Plaintiffs and other similarly-situated persons overtime pay for all time worked in excess of forty hours worked in individual work weeks and, as a result of Defendant's improper use of the tip credit provisions of the FLSA and Illinois Minimum Wage Law, pays overtime compensation to Plaintiffs and other similarly-situated persons based on an incorrectly low regular rate of pay.

**THE PARTIES**

2.    Plaintiff Deneene Ervin resides and is domiciled in Cook County, Illinois. From on or about February 2002 to August 2005 and July 2006 to September 2006, Plaintiff has been employed by Outback as a server at its Calumet City, Illinois restaurant within this judicial district. From on or about August 2005 to July 2006, Plaintiff was employed by Outback as a server at its Champaign, Illinois restaurant.

2

3.      Plaintiff Elizabeth L. Dye resides and is domiciled in Lake County, Indiana. From on or about November 1998 to March 2005 and April 2005 to the present, Plaintiff has been employed by Outback as a server and bartender at its Calumet City, Illinois restaurant within this judicial district.

4.      Plaintiff Dawn Hardy resides and is domiciled in Biloxi, Mississippi. From on or about June 2001 to October 2006, Plaintiff was employed by Outback as a server at its Calumet City, Illinois restaurant within this judicial district.

5.      Defendant OS Restaurant Services, Inc., is a Delaware corporation that operates 786 Outback Steakhouse restaurants nationally, with 19 restaurants in Illinois, including the Calumet City restaurant located in this judicial district.

6.      At all relevant times hereto, Plaintiffs were "employee(s)" of Defendant as defined by the IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. §203(d), and the IWPCA, 820 ILCS 115/2. Plaintiffs were not exempt from the minimum wage and overtime provisions of the IMWL and the FLSA.

7.      At all relevant times hereto, Defendant was an "employer" as defined in the IMWL, 820 ILCS 105/3(c), the FLSA, 29 U.S.C. §203(d), and the IWPCA, 820 ILCS 115/2. Defendant is a Delaware corporation that owns and operates restaurants in the state, is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1). Defendant's employees are engaged in interstate commerce and Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

3

During the course of their employment by Defendant, Plaintiffs handled goods, including

perishable produce and other food products that moved in interstate commerce.

**JURISDICTION AND VENUE**

8.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C

§1331, arising under 29 U.S.C. § 216(b).  Venue is proper in this judicial district as the facts and

events giving rise to Plaintiffs' claims occurred in this judicial district.  This Court has

supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**COUNT I**
**Violation of the Illinois Minimum Wage Law -- Minimum Wages**
**(Class Action)**

9.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 8 of this

Complaint.

10.     This count arises from Defendant's willful violation of the Illinois Minimum

Wage Law, 820 ILCS 105/1, *et seq*., for Defendant's failure to pay Plaintiffs and the class of

tipped employees that they represent all their earned minimum wages.  Plaintiffs and the class are

current and former employees of Defendant who are due, and who have not been paid, minimum

wages and overtime wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS

105/1, *et seq*.  Plaintiffs bring this Count I as a class action under Fed. R. Civ. P. 23.

11.     Plaintiffs and other similarly-situated employees worked as servers, bartenders,

hosts, and in other tipped positions.  Defendant paid these persons at a 'tip-credit' rate, which is

less than the prevailing minimum wages.  The current tip-credit rate paid by Defendant is $4.50

per hour.

4

12.     Defendant has a practice of regularly utilizing tipped employees to perform work not within the scope of a tipped occupation. Thus, Defendant regularly requires servers, bartenders, hosts and other tipped employees to perform such duties as cleaning the front of the house and expo line, 'opening' and 'closing' duties, trash removal, and certain basic food preparation, but continues to pay them tip-credit wages while the employees were engaged in those non-tipped duties.

13.     Defendant also required Plaintiffs and other employees to work off-the-clock.

14.     Defendant's practices violate the minimum wage provisions of the IMWL and the FLSA.

15.     Plaintiffs will seek to certify this Count I, Count II, violation of the overtime provisions of the IMWL, and Count III, violation of the Illinois Wage Payment and Collection Act, as a class action and ask the Court to determine the rights of the classes pursuant to those statutes, and any other damages due, and to direct Defendant to account for all back wages, penalties and prejudgment interest thereon due to the Plaintiffs and the classes that they represent.

16.     Counts I, II and III, are brought pursuant to Fed. R. Civ. P. 23(a) and 23(b) because the class of plaintiffs is so numerous that joinder of all class members is impracticable.

17.     The class representatives and the class members have been equally affected by Defendant's failure to pay minimum wages, overtime pay, and other earned compensation.

18.     Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

5

19.    The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations which may exist between members of the class, if any.

20.    The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to class members, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

21.    The books and records of Defendant are material to Plaintiffs' action as they disclose certain of the hours worked by each employee and the rate of pay for that work.

22.    Defendant violated the Illinois Minimum Wage Law by failing to compensate Plaintiffs and members of the class consistent with the minimum wage provisions.

23.    Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for judgment against Defendant as follows:

A      judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.     prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

6

C.      reasonable attorneys' fees and costs of this action as provided by the Illinois

Minimum Wage Law;

D.      injunctive relief precluding Defendant from violating the Illinois Minimum Wage

Law; and

E.      such other and further relief as this Court deems just and proper.

**COUNT II**
**Violation of the Illinois Minimum Wage Law -- Overtime Wages**
**(Class Action)**

24.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 23 of this

Complaint.

25.     This Count II is brought by Plaintiffs on behalf of a class pursuant to Fed. R. Civ.

P. 23.

26.     This count arises from Defendant's willful violation of the Illinois Minimum

Wage Law, 820 ILCS 105/1, *et seq.*, for its failure to pay Plaintiffs and the class of tipped

employees that they represent all their earned overtime pay for time worked in excess of 40 hours

in individual workweeks.  For all time worked in excess of 40 hours in individual workweeks,

Plaintiffs and the class were entitled to be paid one and one-half times their regular hourly rate of

pay.  Plaintiffs and the class are current and former tipped employees of Defendant who are due,

and who have not been paid, all overtime wages due under the maximum hour provisions of the

Illinois Minimum Wage Law.  820 ILCS 105/4a.

27.     Defendant took a 'tip credit' for wages paid to tipped employees for both overtime

and straight-time hours.  Thus, for one hour of overtime, Plaintiffs were paid overtime based on a

lower 'tip credit' rate, as opposed to overtime based on the full applicable minimum wage rate.

7

28.     Defendant violated the tip credit provisions of the minimum wage law, and thus is not entitled to take the tip credit for straight time or overtime hours.

29.     Accordingly, in addition to its failure to pay employees for all overtime worked, Defendant violated the maximum hour provisions of the IMWL by improperly taking the tip credit for those overtime hours it did pay.

WHEREFORE, Plaintiffs and the class pray for judgment against Defendant as follows:

A       judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.      prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D.      injunctive relief precluding Defendant from violating the Illinois Minimum Wage Law; and

E.      such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (Class Action)

30.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 29 of this Complaint.

31.     This Count III is brought by Plaintiffs on behalf of a class pursuant to Fed. R. Civ. P. 23.

32.    At all relevant times herein, Defendant was an "employer" as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et. seq.*, and Plaintiffs and similarly-situated persons were "employee(s)" within the meaning of that Act. Defendant was at all times aware of its obligation to pay its hourly employees for all time they worked, and is aware of the compensation actually paid to Plaintiffs and the class.

33.    Defendant agreed to compensate its employees, including Plaintiffs and the class of hourly employees, for all time worked.

34.    However, Defendant instituted practices that resulted in its employees working certain time without compensation, in violation of the IWPCA.

WHEREFORE, Plaintiffs and the class pray for judgment against Defendant as follows:

A.    judgment in the amount of all back wages due as provided by the Illinois Wage Payment and Collection Act;

B.    prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    reasonable attorneys' fees and costs of this action;

D.    injunctive relief precluding Defendant from violating the Illinois Wage Payment and Collection Act; and

E.    such other and further relief as this Court deems just and proper.

## COUNT IV
### Violation of the Fair Labor Standards Act -- Minimum Wages
### (Collective Action)

35.    Plaintiffs hereby reallege and incorporate paragraphs 1 through 34 of this Complaint.

9

36.     This count arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for its failure to pay minimum wages to Plaintiffs and other similarly situated employees. This claim is brought as a collective action under the FLSA. Plaintiffs' consents to act in a representative capacity are attached hereto as Exhibit A.

37.     Plaintiffs worked as servers and bartenders, and were not exempt from the minimum wage provisions of the Fair Labor Standards Act.

38.     Plaintiffs, as tipped employees, were paid by Defendant at a 'tip credit' hourly rate less than minimum wage; most recently, Plaintiffs were paid $4.50 per hour.

39.     Other persons employed by Defendant in 'tipped' job positions were likewise paid at an hourly rate less than the applicable federal minimum wage.

40.     Although Defendant took a tip credit in paying hourly wages to Plaintiffs and others, Defendant regularly required Plaintiffs and other tipped employees to perform non-tipped duties, including opening, closing, cleaning and trash removal, while failing to pay them minimum wages.

41.     Defendant's failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, Plaintiffs failure to be paid minimum wage from Defendant was a willful violation of the Act.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.     judgment in the amount of the owed minimum wages for all time worked by Plaintiffs;

B.     liquidated damages in an amount equal to the amount of unpaid minimum wages;

C.     reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.     such other and further relief as this Court deems just and proper.

**COUNT V**
**Violation of the Fair Labor Standards Act -- Overtime Wages**
**(Collective Action)**

42.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 41 of this

Complaint.

43.     This count arises from Defendant's willful violation of the Fair Labor Standards

Act, 29 U.S.C. §201, *et seq.*, for its failure to pay all overtime wages to Plaintiffs at a rate of one

and one-half times their regular hourly rate of pay.  This claim is brought as a collective action

under the FLSA.  Plaintiffs' consents to act in a representative capacity are attached hereto as

Exhibit A.

44.     Defendant took a tip credit for straight-time and overtime wages paid to Plaintiffs.

45.     Certain Plaintiffs were directed by Defendant to work, and did so work, in excess

of 40 hours per week.

46.     Defendant's failure to pay Plaintiffs overtime wages at a rate of one and half times

their regular hourly rate for all time worked in excess of 40 hours in individual workweeks

violated the maximum hour provisions of the FLSA.

47.     Defendant's failure to pay Plaintiffs overtime was a willful violation the Act.


WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.     judgment in the amount of the owed overtime wages for all time worked by

       Plaintiffs;

B.     liquidated damages in an amount equal to the amount of unpaid overtime wages;

C.     reasonable attorneys' fees and costs incurred in prosecuting this action; and

11

D.    such other and further relief as this Court deems just and proper.

**JURY DEMANDED ON ALL CLAIMS**

Dated:  February 21, 2008

DENEENE D. ERVIN, ELIZABETH L. DYE,
AND DAWN HARDY

s/Douglas M. Werman
One of the Attorneys for Plaintiffs

Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz (ARDC #6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
312/360-0960

Eugene K. Hollander
Paul W. Ryan
Erin Buck Kaiser
The Law Offices of Eugene K. Hollander
33 N. Dearborn, Suite 2300
Chicago, IL 60602
312/425-9100

Attorneys for Plaintiffs

# EXHIBIT A

### NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
### COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by OSI Restaurant
Partners, Inc. , or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I
have worked for Defendants and have not been paid all of the minimum wages and/or overtime
wages owed to me pursuant to 29 U.S.C. §§206-207. I authorize through this Consent the filing and
prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly
situated to myself.

Name: _Deneene D. Ervin_____    (Print your name)

Signature: _deneene de Ervin_____

Date on which I signed this Notice: _____12·13·07_____
                                         (Today's date)

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A**
**COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below I represent to the Court that I have been employed by OSI Restaurant Partners, Inc. , or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants and have not been paid all of the minimum wages and/or overtime wages owed to me pursuant to 29 U.S.C. §§206-207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Elizabeth L. Dye_____     (Print your name)

Signature: _Elizabeth L. Dye_____

Date on which I signed this Notice: __12/13/07_____
                                                    (Today's date)

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A**

**COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below I represent to the Court that I have been employed by OS Restaurant Partners, Inc. d/b/a Outback Steakhouse, or its parents, subsidiary or affiliate companies, within the prior three (3) years, and that I have worked for Defendants and have not been paid all of the minimum wages and/or overtime wages owed to me pursuant to 29 U.S.C. § 206-207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: Dawn T. Hardy                    (print your name)

Signature: Dawn T. Hardy

Date on which I signed this Notice: 2-21-08

(today's date)