**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DENEENE D. ERVIN, ELIZABETH L. DYE and DAWN HARDY**, on behalf of themselves and all other persons similarly situated, known and unknown, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | **Case No. 08 C 1091** |
| **OS RESTAURANT SERVICES, INC.,** d/b/a **OUTBACK STEAKHOUSE,** ) ) ) ) | **Judge Guzman** |
| Defendant. ) | |

### DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT

Defendant OS Restaurant Services, Inc., by and through its attorneys, Jackson Lewis LLP, hereby submits its Answer and Defenses to Plaintiffs' Complaint as follows:

**NATURE OF PLAINTIFFS' CLAIM**

1.  This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law (IMWI), 820 ILCS 105/1, *et. seq.,* and the Illinois Wage Payment and Collection Act (IWPA), 820 ILCS 115/1, *et. seq.,* for Defendant's failure to pay Plaintiffs and other similarly-situated employees earned minimum wage, overtime and straight time wages. Outback operates restaurants in all 50 states, including approximately 786 restaurants in the United States and 19 restaurants in the state of Illinois, under the name Outback Steakhouse. http:/wrightreports.ecnext.com/coms2/reportdesc_Company_67104A101.

Plaintiffs and the classes they represent are current and former employees of Defendant, working as servers, bartenders, hosts, and other tipped employees.

Defendant paid its tipped employees sub-minimum hourly wages under the tip-credit provisions of the IMWL and FLSA. Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions. Defendant disregarded those requirements, and thus violated the state and federal minimum wage and overtime laws. Chiefly, Defendant has a policy of regularly assigning tipped employees, paid sub-minimum wages to perform an array of duties outside the duties of their tipped positions. In addition, Defendant requires tipped employees to work off-the-clock.

Defendant also fails to pay Plaintiffs and other similarly-situated persons overtime pay for all time worked in excess of forty hours worked in individual work weeks and, as a result of Defendant's improper use of the tip credit provisions of the FLSA and Illinois Minimum Wage Law, pays overtime compensation to Plaintiffs and other similarly-situated persons based on an incorrectly low regular rate of pay.

**ANSWER:** Defendant avers that Plaintiffs purport to bring this lawsuit under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et. seq.,* and the Illinois Wage Payment and Collection Act (IWPA), 820 ILCS 115/1, *et. seq*. Defendant denies that it failed to pay Plaintiffs and other similarly-situated employees earned minimum wage, overtime and straight time wages. Defendant avers that it has approximately 688 corporate-owned Outback Steakhouse restaurants in 49 states and 19 corporate-owned Outback Steakhouse restaurants in the State of Illinois. Defendant admits that Plaintiffs are current and former employees of Defendant who worked as servers or bartenders at

various times during their employment. Defendant admits that at various times during their employment, Plaintiffs were paid under the tip-credit provisions of the IMWL and the FLSA. Defendant avers that no answer is required as to whether the provisions of the IMWL and the FLSA "permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions," as it calls for a legal conclusion.

To the extent that Plaintiffs contend in Paragraph 1 that the requirements for class certification are met, Defendant denies such allegations. Defendant denies the remaining allegations contained in Paragraph 1.

**THE PARTIES**

2.      Plaintiff Deneene Ervin resides and is domiciled in Cook County, Illinois. From on or about February 2002 to August 2005 and July 2006 to September 2006, Plaintiff has been employed by Outback as a server at its Calumet City, Illinois restaurant within this judicial district. From on or about August 2005 to July 2006, Plaintiff was employed by Outback as a server at its Champaign, Illinois restaurant.

**ANSWER:**   Defendant avers that Deneene Ervin worked as a server from approximately March 2003 until October 2005 and from approximately June 2006 to September 2006 at the Calumet City restaurant. Defendant further admits that Ms. Ervin worked at the Champaign restaurant as a server from approximately August 2005 to June 2006. Defendant admits that the Calumet City restaurant is located in this judicial district. Defendant lacks knowledge or information sufficient to form a belief as to the truth of where Ms. Ervin resides. Defendant denies the remaining allegations contained in Paragraph 2.

3. Plaintiff Elizabeth L. Dye resides and is domiciled in Lake County, Indiana. From on or about November 1998 to March 2005 and April 2005 to the present, Plaintiff has been employed by Outback as a server and bartender at its Calumet City, Illinois restaurant within this judicial district.

**ANSWER:** Defendant avers that Elizabeth Dye was hired at the Calumet City restaurant in November 1998 and worked as server and bartender until approximately March 2005 and from approximately April 2005 to the present. Defendant admits that the Calumet City restaurant is located in this judicial district. Defendant lacks knowledge or information sufficient to form a belief as to the truth of where Ms. Dye resides. Defendant denies the remaining allegations contained in Paragraph 3.

4. Plaintiff Dawn Hardy resides and is domiciled in Biloxi, Mississippi. From on or about June 2001 to October 2006, Plaintiff was employed by Outback as a server at its Calumet City, Illinois restaurant within this judicial district.

**ANSWER:** Defendant avers that its records reflect that Dawn Hardy worked at the Calumet City restaurant from approximately July 2001 to November 2006. Defendant further avers that at various times during her employment Ms. Hardy worked as a hostess and a server. Defendant lacks knowledge or information sufficient to form a belief as to the truth of where Ms. Hardy resides. Defendant denies the remaining allegations contained in Paragraph 4.

5. Defendant OS Restaurant Services, Inc., is a Delaware corporation that operates a Outback Steakhouse restaurants nationally, with 19 restaurants in Illinois, including the Calumet City restaurant located in this judicial district.

**ANSWER:** Defendant avers that it has approximately 688 corporate-owned Outback Steakhouse restaurants nationally and 19 corporate-owned Outback Steakhouse restaurants in the State of Illinois. Defendant admits the remaining allegations contained in Paragraph 5.

6.  At all relevant times hereto, Plaintiffs were "employee(s)" of Defendant as defined by the IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. §203(d), and the IWPCA, 820 ILCS 115/2. Plaintiffs were not exempt from the minimum wage and overtime provisions of the IMWL and the FLSA.

**ANSWER:** Defendant avers that no answer is required as to whether Plaintiffs were "employees" under the IMWL, the FLSA and the IWPCA as it calls for a legal conclusion. Defendant admits that Plaintiffs were not exempt from the minimum wage and overtime provisions of the IMWL and the FLSA. Defendant denies that it engaged in any unlawful conduct and further denies the remaining allegations of Paragraph 6.

7.  At all relevant times hereto, Defendant was an "employer" as defined in the IMWL, 820 ILCS 105/3(c), the FLSA, 29 U.S.C. §203(d), and the IWPCA, 820 ILCS 115/2. Defendant is a Delaware corporation that owns and operates restaurants in the state, is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1). Defendant's employees are engaged in interstate commerce and Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

**ANSWER:** Defendant admits that it is a Delaware corporation that owns and operates restaurants in the State of Illinois. Defendant admits that Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes. Defendant avers that

no answer is required as to the remaining allegations of Paragraph 7 because they call for a legal conclusion.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:** Defendant admits that federal courts have subject matter jurisdiction over Plaintiffs' FLSA claim. Defendant denies this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Defendant avers that no answer is required as to the remaining allegations contained in Paragraph 8 as they call for a legal conclusion.

**COUNT I**
**Violation of the Illinois Minimum Wage Law – Minimum Wage**
**(Class Action)**

9. Plaintiffs hereby reallege and incorporate paragraphs 1 through 8 of this Complaint.

**ANSWER:** Defendant hereby restates and reincorporates its answers to paragraphs 1 through 8 of this Complaint as if fully set out herein.

10. This count arises from Defendant's willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiff's and the class of tipped employees that they represent all their earned minimum wages. Plaintiffs and the class are current and former employees of Defendant who are due, and who have not been paid,

minimum wages and overtime wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* Plaintiffs bring this Count I as a class action under Fed.R.Civ.P.23.

**ANSWER:** Defendant avers that Plaintiffs purport to bring this count under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* To the extent that Plaintiffs contend in Paragraph 10 that the requirements for class certification are met, Defendant denies such allegations. Defendant denies the remaining allegations contained in Paragraph 10.

11. Plaintiffs and other similarly-situated employees worked as servers, bartenders, hosts, and in other tipped positions. Defendant paid these persons at a 'tip-credit' rate, which is less than the prevailing minimum wages. The current tip-credit rate paid by Defendant is $4.50 per hour.

**ANSWER:** Defendant avers that at various times during their employment, Plaintiffs worked as servers, hosts or bartenders which are tipped positions. Defendant denies that Plaintiffs worked in other tipped positions. To the extent that Plaintiffs contend in Paragraph 11 that the requirements for class certification are met, Defendant denies such allegations. Defendant avers that no answer is required as to the remaining allegations of Paragraph 11 because they call for a legal conclusion.

12. Defendant has a practice of regularly utilizing tipped employees to perform work not within the scope of tipped occupation. Thus, Defendant regularly requires servers, bartenders, hosts and other tipped employees to perform such duties as cleaning the front of the house and expo line, 'opening' and 'closing' duties, trash removal, and certain basic food preparation, but continues to pay them tip-credit wages while the employers were engaged in those non-tipped duties.

**ANSWER:** Defendant admits that on occasion some of the Plaintiffs may have performed some of the tasks listed in Paragraph 12. Defendant denies the remaining allegations contained in Paragraph 12.

13. Defendant also requires Plaintiffs and other employees to work off-the-clock.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13.

14. Defendant's practices violate the minimum wage provisions of the IMWL and the FLSA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 14.

15. Plaintiffs will seek to certify this Count I, Count II, violation of the overtime provisions of the IMWI, and Count III, violation of the Illinois Wage Payment and Collection Act, as a class action and ask the Court to determine the rights of the classes pursuant to those statutes, and any damages due, and to direct Defendant to account for all back wages, penalties and prejudgment interest thereon due to the Plaintiffs and the classes that they represent.

**ANSWER:** Defendant admits that Plaintiffs have indicated that they are seeking to certify a class. To the extent that Plaintiffs contend in Paragraph 15 that the requirements for class certification are met, Defendant denies such allegations. Defendant denies the remaining allegations contained in Paragraph 15.

16. Counts I, II and III, are brought pursuant to Fed.R.Civ.P. 23(a) and 23(b) because the class of plaintiffs is so numerous that joinder of all class members in impracticable.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16.

17. The class representatives and the class members have been equally affected by Defendant's failure to pay minimum wages, overtime pay, and other earned compensation.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17.

18. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

**ANSWER:** To the extent that Plaintiffs contend in Paragraph 18 that the requirements for class certification are met, Defendant denies such allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether employees may be reluctant to raise individual claims for fear of retaliation. Defendant denies the remaining allegations contained in Paragraph 18.

19. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations which may exist between members of the class, if any.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19.

20. The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to class members, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20.

21. The books and records of Defendant are material to Plaintiffs' action as they disclose certain of the hours worked by each employee and the rate of pay for that work.

**ANSWER:** Defendant avers that its records reflect the hours worked and rate paid to its employees. Defendant denies the remaining allegations contained in Paragraph 21.

22. Defendant violated the Illinois Minimum Wage Law by failing to compensate Plaintiffs and members of the class consistent with the minimum wage provisions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22.

23. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

**ANSWER:** Defendant avers that no answer is required as to the allegations in Paragraph 23 because they call for a legal conclusion. Defendant denies that it engaged in any unlawful conduct and further denies that Plaintiffs are entitled to any recovery in this action.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Class Action)

24. Plaintiffs hereby reallege and incorporate paragraphs 1 through 23 of this Complaint.

**ANSWER:** Defendant hereby restates and reincorporates its answers to paragraphs 1 through 23 of this Complaint as if fully set out herein.

25. This Count II is brought by Plaintiffs on behalf of a class pursuant to Fed.R.Civ.P.23.

**ANSWER:** Defendant avers that Plaintiffs purport to bring this count on behalf of a class of employees pursuant to Fed. R. Civ. P. 23. To the extent that Plaintiffs contend in Paragraph 25 that the requirements for class certification are met, Defendant denies such allegations. Defendant denies the remaining allegations contained in Paragraph 25.

26.  This count arises from Defendant's willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for its failure to pay Plaintiffs and the class of tipped employees that they represent all their earned overtime pay for time worked in excess of 40 hours in individual workweeks. For all time worked in excess of 40 hours in individual workweeks, Plaintiffs and the class are current and former tipped employees of Defendant who are due, and who have not been paid, all overtime wages due under the maximum hour provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4.

**ANSWER:** Defendant avers that Plaintiffs purport to bring this count under the Illinois Minimum Wage Law, 820 ILCS 105/1. To the extent that Plaintiffs contend in Paragraph 26 that the requirements for class certification are met, Defendant denies such allegations. Defendant denies the remaining allegations contained in Paragraph 26.

27.  Defendant took a 'tip credit' for wages paid to tipped employees for both overtime and straight-time hours. Thus, for one hour of overtime, Plaintiffs were paid overtime based on a lower 'tip credit' rate, as opposed to overtime based on the full applicable minimum wage rate.

**ANSWER:** Defendant admits that it took an appropriate "tip credit" for wages paid to tipped employees. Defendant avers that it paid its employees in accordance with applicable federal and

state laws, rules and regulations. Defendant denies the remaining allegations contained in Paragraph 27.

28.     Defendant violated the tip credit provisions of the minimum wage law, and thus is not entitled to take the tip credit for straight time or overtime hours.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 28.

29.     Accordingly, in addition to its failure to pay employees for all overtime worked, Defendant violated the maximum hour provisions of the IMWL, by improperly taking the tip credit for those overtime hours it did pay.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 29.

### COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (Class Action)

30.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 29 of this Complaint.

**ANSWER:**     Defendant hereby restates and reincorporates its answers to paragraphs 1 through 30 of this Complaint as if fully set out herein.

31.     This Count III is brought by Plaintiffs on behalf of a class pursuant to Fed. R. Civ. P. 23.

**ANSWER:**     Defendant avers that Plaintiffs purport to bring this action on behalf of a class of individuals under Fed. R. Civ. P. 23.   Defendant denies that the requirements of class certification have been met and further denies the remaining allegations in Paragraph 31.

32. At all relevant times herein, Defendant was an "employer" as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et. seq.*, and Plaintiffs and similarly-situated persons were "employee(s)" within the meaning of that Act. Defendant was at all times aware of its obligation to pay its hourly employees for all time they worked, and is aware of the compensation actually paid to Plaintiffs and the class.

**ANSWER:** . Defendant admits that it is aware of its obligations to pay its hourly employees for all time they worked and that its payroll records reflect the compensation paid to Plaintiffs. Defendant denies that it engaged in any conduct in violation of the IWPCA or any other federal or state law, rule or regulation. To the extent that Plaintiffs contend in Paragraph 32 that the requirements for class certification are met, Defendant denies such allegations. Defendant avers that no answer is required as to the remaining allegations of Paragraph 32 because they call for a legal conclusion.

33. Defendant agreed to compensate its employees, including Plaintiffs and the class of hourly employees, for all time worked.

**ANSWER:** To the extent that Plaintiffs contend in Paragraph 33 that the requirements for class certification are met, Defendant denies such allegations. Defendant admits the remaining allegations contained in Paragraph 33.

34. However, Defendant instituted practices that resulted in its employees working certain time without compensation, in violation of the IWPCA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34.

**COUNT IV**
**Violation of the Fair Labor Standards Act –Minimum Wages**
**(Collective Action)**

35. Plaintiffs hereby reallege and incorporate paragraphs 1 and 34 of this Complaint.

**ANSWER:** Defendant hereby restates and reincorporates its answers to paragraphs 1 through 34 of this Complaint as if fully set out herein.

36. This count arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for its failure to pay minimum wages to Plaintiffs and other similarly situated employees. This claim is brought as a collective action under the FLSA. Plaintiffs' consents to act in a representative capacity are attached hereto as Exhibit A.

**ANSWER:** Defendant avers that Plaintiffs purport to bring this count under the Fair Labor Standards Act, 29 U.S.C. §201. Defendant further avers that Plaintiffs have attached as Exhibit A to the Complaint, "Notices of Consent to Become a Party Plaintiff in a Collective Action Under the Fair Labor Standards Act." To the extent that Plaintiffs contend in Paragraph 36 that the requirements for class certification are met, Defendant denies such allegations. Defendant denies the remaining allegations contained in Paragraph 36.

37. Plaintiffs worked as servers and bartenders, and were not exempt from the minimum wage provisions of the Fair Labor Standards Act.

**ANSWER:** Defendant admits the allegations contained in Paragraph 37.

38. Plaintiffs, as tipped employees, were paid by Defendant at a 'tip credit' hourly rate less than minimum wage; most recently, Plaintiffs were paid $4.50 per hour.

**ANSWER:** Defendant admits that it took an appropriate "tip credit" for wages paid to tipped employees. Defendant avers that it paid its employees in accordance with applicable federal and

state laws, rules and regulations. Defendant denies the remaining allegations contained in Paragraph 38.

39.     Other persons employed by Defendant in 'tipped' job positions were likewise paid at an hourly rate less than the applicable federal minimum wage.

**ANSWER:**    Defendant admits that it took an appropriate "tip credit" for wages paid to tipped employees. Defendant avers that it paid its employees in accordance with applicable federal and state laws, rules and regulations. Defendant denies the remaining allegations contained in Paragraph 39.

40.     Although Defendant took a tip credit in paying hourly wages to Plaintiffs and others, Defendant regularly required Plaintiffs and other tipped employees to perform non-tipped duties, including opening, closing, cleaning and trash removal, while failing to pay them minimum wages.

**ANSWER:**    Defendant admits that on occasion some of the Plaintiffs may have performed some of the tasks listed in Paragraph 40. Defendant denies the remaining allegations contained in Paragraph 40.

41.     Defendant's failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, Plaintiffs failure to be paid minimum wage from Defendant was a willful violation of the Act.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 41.

## COUNT V
### Violation of the Fair Labor Standards Act –Overtime Wages
### (Collective Action)

42.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 41 of this Complaint.

**ANSWER:**     Defendant hereby restates and reincorporates its answers to paragraphs 1 through 41 of this Complaint as if fully set out herein.

43.     This count arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for its failure to pay all overtime wages to Plaintiffs at a rate of one and one-half times regular hourly rate of pay.  This claim is brought as a collective action under the FLSA.  Plaintiffs' consents to act in a representative capacity are attached hereto as Exhibit A.

**ANSWER:** Defendant avers that Plaintiffs purport to bring this count under the Fair Labor Standards Act, 29 U.S.C. §201.  Defendant further avers that Plaintiffs have attached as Exhibit A to the Complaint, "Notices of Consent to Become a Party Plaintiff in a Collective Action Under the Fair Labor Standards Act."   To the extent that Plaintiffs contend in Paragraph 43 that the requirements for class certification are met, Defendant denies such allegations.  Defendant denies the remaining allegations contained in Paragraph 43.

44.     Defendant took a tip credit for straight-time and overtime wages paid to Plaintiffs.

**ANSWER:**     Defendant admits that it took an appropriate "tip credit" for wages paid to tipped employees.   Defendant avers that it paid its employees in accordance with applicable federal and state laws, rules and regulations. Defendant denies the remaining allegations contained in Paragraph 44.

45.     Certain Plaintiffs were directed by Defendant to work, and did so work, in excess of 40 hours per week.

**ANSWER:** Due to the vagueness of the terms "certain Plaintiffs" and "directed by Defendant," Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45. Defendant avers that on occasion, some of its employees may work in excess of 40 hours per week. Defendant further states that its employees are appropriately compensated for any work in excess of 40 hours per week.

46. Defendant's failure to pay Plaintiffs overtime wages at a rate of one and half times their regular hourly rate for all time worked in excess of 40 hours in individual workweeks violated the maximum hour provisions of the FLSA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 46.

47. Defendant's failure to pay Plaintiffs overtime was a willful violation of the Act.

**ANSWER:** Defendant denies the allegations contained in Paragraph 47.

## DEFENSES

1. The claims of Plaintiffs and any current or former employee alleged to be similarly situated to Plaintiffs are barred in whole or in part by the applicable statute(s) of limitations.

2. The Complaint is barred, in whole or in part, by the doctrine of payment, as Plaintiffs and any current or former employee alleged to be similarly situated to Plaintiffs have been properly compensated.

3. Defendant acted reasonably and in good faith at all times, pursuant to 29 U.S.C. §§ 258(a) and 259(a), and, therefore, Plaintiffs' claims and those of any current or former employee alleged to be similarly situated to Plaintiffs are barred in whole or in part.

4. Plaintiffs' claims are barred to the extent that they purport to represent individuals who have not been provided the opportunity to opt in or out of this litigation.

5. Plaintiff's claims are barred in whole or in part because the purported putative Plaintiffs are not similarly situated so as to maintain a class action under the Illinois Minimum Wage Law.

6. Plaintiffs lack standing to pursue claims in any state other than Illinois and on behalf of current or former employees in any other tipped positions.

7. The Commerce Clause, the Due Process Clause, and the Full Faith and Credit Clause of the Constitution of the United States and any parallel provisions of the Illinois Constitution bar this court from regulating commerce that took place wholly outside the borders of the State of Illinois.

8. Plaintiffs are precluded from recovering liquidated and/ or punitive damages, either in whole or in part, because Defendant at all times acted in good faith and had reasonable grounds for believing that it fully complied with the applicable law.

9. A two-year rather than a three-year statute of limitations applies to this action because Defendant did not engage in a willful violation of the FLSA.

10. Plaintiffs cannot bring an opt-in and opt-out class in the same lawsuit under the Rules Enabling Act as well as under basic issues of fairness and manageability associated with the inherent conflict and inconsistencies created by maintaining both causes of action in the same lawsuit.

DATED:  April 28, 2008

                                              Respectfully submitted,

                                              /s/ Nadine C. Abrahams_____

Jane McFetridge
Nadine Abrahams
Jackson Lewis LLP
320 W. Ohio Street, Suite 500
Chicago, Illinois  60610
(312) 787-4995
Fax:  (312) 787-4972

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 28, 2008, she caused a true and correct copy of the foregoing DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT to be filed with the Court by the Court's ECF/CM electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

                                                  /s/ Nadine C. Abrahams