IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENEENE D. ERVIN, ELIZABETH L. DYE and DAWN HARDY, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>OS RESTAURANT SERVICES, INC., d/b/a OUTBACK STEAKHOUSE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08 C 1091<br><br>Judge Guzman |

**DEFENDANT'S MOTION TO ENJOIN
PLAINTIFFS FROM PROVIDING NOTICE
TO, SOLICITING, OR COMMUNICATING WITH PROSPECTIVE
PLAINTIFFS IN THE ABSENCE OF CONDITIONAL CERTIFICATION**

NOW COMES Defendant OS Restaurant Services, Inc., ("Outback"), by and through its attorneys, Jackson Lewis LLP, and hereby moves to enjoin Plaintiffs Deneene Ervin, Elizabeth Dye and Dawn Hardy (collectively "Plaintiffs"), or anyone acting on behalf of Plaintiffs, from providing notice to, soliciting, or communicating with potential class and collective action members in this litigation prior to any conditional certification of a class or collective action and prior to any further authorization from this Court.

As set forth more fully in Outback's accompanying Memorandum in Support, Outback has recently become aware that Plaintiffs' counsel, who have extensive experience dealing with class and collective actions, are improperly sending notices of this litigation to prospective plaintiffs representing, prematurely, that this is a class action. By sending these notices, under Federal Rule of Civil Procedure 23, Plaintiffs have usurped the Court's role over

class action notices. Furthermore, numerous courts, including in the Seventh Circuit, have stated that a plaintiff is not permitted to provide notice and/or solicit potential Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* collective action members unless and until the court conditionally certifies the collective action pursuant to Section 216(b). *See, e.g., Woods v. New York Life Insurance Co.*, 686 F.2d 578, 580 (7th Cir. 1982); *Gambo v. Lucent Technologies, Inc.*, 2005 U.S. Dist. LEXIS 37998, *14 (N.D. Ill. Dec. 22, 2005); *Vander Vennet v. American Intercontinental University Online*, 2005 U.S. Dist. LEXIS 45344 at *7 (N.D. Ill. Dec. 22, 2005).

Further, the Seventh Circuit has held that before providing notice in a FLSA collective action, plaintiffs must first communicate to defendant's counsel their intent to do so and give defendant an opportunity to verify the accuracy of the notice. *See Woods*, 686 F.2d at 580. This, Plaintiffs did not do.

Moreover, the notices Plaintiffs are sending out are improper and prejudicial as the potential class and collective action members are not receiving the information they need to make an informed decision as to whether they should participate in the case. Certain basic information must be shared with potential collective action members so they can make informed decisions about whether to participate in the litigation. *See, e.g., Heitmann v. City of Chicago*, 2004 U.S. Dist. LEXIS 14669, *5 (N.D. Ill., July 30, 2004). The notices are also prejudicial as they incorrectly represent that a "class action lawsuit is proceeding" against Outback when no class action has, in fact, been certified.

Finally, Plaintiffs' counsel conduct in soliciting clients through the sending out of these notices violates Rule 7.3 of the Illinois Rules of Professional Conduct.

　　　　WHEREFORE, for the reasons set forth above and in Outback's accompanying Memorandum in Support, Defendant OS Restaurant Services, Inc. respectfully requests the Court grant the instant motion and:

A.　Enjoin Plaintiffs, or anyone acting on behalf of Plaintiffs (including their counsel), from providing notice to, soliciting or communicating with any additional potential plaintiffs unless and until the Court grants conditional certification of a defined class and prior to any further authorization from the Court; and

B.　Order Plaintiffs to provide Outback prior review of any future notice to be sent to prospective class and collective action members;

C.　Order that Plaintiffs' counsel is prohibited from representing any individual to whom they have already sent notice;

D.　Order that any person who has received Plaintiffs' improper notices are prohibited from opting into this lawsuit; and

E.　Provide such other relief as the Court deems just and appropriate.

DATED: July 11, 2008

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　/s/ Jane M. McFetridge


Jane M. McFetridge
Nadine Abrahams
Jackson Lewis LLP
320 W. Ohio Street, Suite 500
Chicago, Illinois 60610
(312) 787-4995
Fax: (312) 787-4972

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 11, 2008, she caused a true and correct copy of the foregoing Defendant's Motion To Enjoin Plaintiffs From Providing Notice To, Soliciting, Or Communicating With Prospective Plaintiffs Prior To Conditional Certification and Memorandum in Support, to be filed with the Court by the Court's ECF/CM electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

_____/s/ Jane M. McFetridge_____