IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DENEENE D. ERVIN, ELIZABETH L. DYE and DAWN HARDY, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 1091 |
| OS RESTAURANT SERVICES, INC., d/b/a OUTBACK STEAKHOUSE, | ) ) ) | Judge Guzman |
| Defendant. | ) ) ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO
ENJOIN PLAINTIFFS FROM PROVIDING NOTICE
TO, SOLICITING, OR COMMUNICATING WITH PROSPECTIVE
PLAINTIFFS IN THE ABSENCE OF CONDITIONAL CERTIFICATION

INTRODUCTION

Defendant OS Restaurant Services, Inc., ("Outback"), by and through its attorneys, Jane McFetridge and Nadine Abrahams of Jackson Lewis LLP, hereby submits this memorandum in support of its motion to enjoin Plaintiffs Deneene Ervin ("Ervin"), Elizabeth Dye ("Dye"), and Dawn Hardy ("Hardy") (collectively "Plaintiffs"), or anyone acting on behalf of Plaintiffs, from providing notice to, soliciting, or communicating with potential class and collective action members in this litigation prior to further authorization from this Court.

Outback has recently become aware that Plaintiffs' counsel, who have extensive experience dealing with class and collective actions, are sending notices of this litigation to potential plaintiffs representing, prematurely, that this is a class action (hereafter "Notices"). *See* Exhibit 1. The Notices specifically state that "[a] class action lawsuit is proceeding" and further

solicit the potential plaintiff by stating "[y]our input will help us develop certain facts for the lawsuit, and help determine whether you may have a claim for owed back wages." *Id.* The notices were neither sanctioned by this Court nor agreed to by Outback's counsel. Indeed, Outback's counsel had no knowledge that this correspondence was being sent out until Outback employees brought it to their mangers' attention.

By sending these Notices, Plaintiffs have usurped the Court's authority in controlling Rule 23 class action notices. The Seventh Circuit, along with numerous other courts, has concluded that plaintiffs may not provide notice and/or solicit potential FLSA collective action members unless and until the court conditionally certifies the collective action. Further, the Seventh Circuit has held that before providing notice in a collective action, plaintiffs must first communicate to defendant's counsel their intent to do so and give defendant an opportunity to verify the accuracy of the notice. This, Plaintiffs did not do.

Moreover, the Notices are improper and prejudicial because the potential class and collective action members are not receiving the information they need to make an informed decision as to whether they should participate in the case. The Notices are also prejudicial because they incorrectly represent that a "class action lawsuit is proceeding" against Outback when no class or collective action has, in fact, been certified.

Outback, therefore, respectfully submits that the Court should enjoin Plaintiffs from providing notice to, soliciting, or communicating[1] with any opt-in plaintiffs, including the Notice recipients and anyone referred to Plaintiffs' counsel by those recipients, unless and until

---

[1] While it may have been previously proper for Plaintiffs' counsel to have contacted individuals who worked with the Plaintiffs to gather relevant information to this lawsuit, now that they have improperly sent out the misleading and improper Notices, they have tainted this process to the point that they should no longer be permitted to have any contact with prospective putative class members unless and until the Court approves a proper notice.

the Court grants conditional certification of a defined class. Even if the Court permits Plaintiffs to provide notice and to solicit potential class members in the absence of class certification, Outback should be allowed to verify any notice and, if needed, move for any order amending the notice or limiting its distribution in an appropriate manner. Plaintiffs should also be prohibited from representing any individual to whom they have already sent the Notices attached hereto as Exhibit 1 (or any similar letter they have already sent out). Finally, Outback further moves to preclude any person from opting into this lawsuit who received Plaintiffs' improper Notices.

## BACKGROUND

On or about February 21, 2008, Plaintiffs filed the above-captioned action in this Court. Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a purported collective action,[2] alleging that Outback did not pay them the minimum wage, and for unpaid wages and overtime compensation (Counts IV and V). Plaintiffs also assert claims under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, as a purported class action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").

Although the Court has not certified this matter as a collective action pursuant to Section 216(b) or as a class action pursuant to Rule 23, Plaintiffs are attempting to solicit individuals who are not parties to this action through sending out the Notices. *See* Exhibit 1. Plaintiffs are improperly sending out notices because they only have *two* plaintiffs in this class/collective action and are desperate. Plaintiffs are sending out the Notices essentially trolling for additional plaintiffs to support their baseless "class" and "collective action" claim.

---

[2]    29 U.S.C. § 216(b) ("Section 216(b)") permits an employee to bring an action on behalf of him or herself and other similarly situated employees who consent in writing to join the lawsuit.

The Notices, at least some of which are dated July 2, 2008, were sent after named Plaintiff Deneene Ervin failed to show up for her scheduled deposition on July 1, 2008, and apparently now cannot be found. The Notices were sent the very same day that named Plaintiff Elizabeth Dye testified in her deposition that she knew of few, if any, other individuals who would join the lawsuit. Indeed, the very next day, named Plaintiff Dawn Hardy testified in her deposition that she knew of *no* other potential plaintiffs interested in joining this lawsuit.[3] Plaintiffs' counsel, realizing their alleged "class action" was far from it, sent out the Notices desperately seeking additional Plaintiffs.

Thereafter, Plaintiffs asked the Court for additional time to move for class certification through their Motion to Continue Date For Filing Class Certification Motion. In that legally baseless pleading, Plaintiffs neglected to mention that the real reason for the motion was to buy extra time in which to locate possible class members; rather, they asked for additional time to file their motion for class certification under the guise that we should all wait until a final decision is made in the *Garibay, et al v. Garden Fresh – Mount Prospect, et al.* case.[4] Plaintiffs' Motion to Continue is really a thinly-veiled attempt to stay these proceedings in the hopes that recipients of the improperly sent solicitation Notice will allow them to develop a class or collective action case. Thus, in essence, Plaintiffs' counsel has made a calculated decision to knowingly thwart the decisions of the courts and ethical rules to try and salvage their case. This

---

[3]   Plaintiff Ervin was the only named plaintiff who worked at an Outback restaurant other than the Calumet City location and she apparently cannot be located. Also, both Plaintiffs Dye and Hardy only worked at the Calumet City, Illinois Outback and further testified that they did not personally know anyone who worked at other Outback locations.

[4]   Plaintiffs essentially ask the Court to stay this matter to are wait for the Court to issue a ruling on the *Garibay* defendants Rule 12(b)(6) motion. The *Garibay* defendants have moved to dismiss on the ground that both opt in and opt out actions cannot proceed in the same litigation. Here, Outback has answered the Complaint and this case is passed the stage of bringing a Rule 12(b)(6) motion.

conduct – by practitioners who hold themselves out as experts in collective and class actions – should not be reserved and warrants a strong sanction.

## ARGUMENT

**A.  In A Class Action It Is The Court, Not Plaintiffs' Counsel, That Directs Whether And How Notice Should Be Provided To The Class.**

"Notice to class members is crucial to the entire scheme of Rule 23(b)(3).  It sets forth an impartial recital of the subject matter of the suit, informs members that their rights are in litigation, and alerts them to take appropriate steps to make certain their individual interests are protected." *Erhardt v. Prudential Group, Inc.*, 629 F.2d 843 (2d Cir. 1980).  Given that notice is a "crucial" part of the Rule 23 class action, "[i]t is the responsibility of the ***court*** to direct the 'best notice practicable' to class members.  *Id.*; *see also* Fed. R. Civ. Pro. 23(c)(2) (emphasis added).  Also pursuant to Rule 23(c)(2), the notices must contain certain plain language that the instant Plaintiffs' Notices do not contain. *Id.*

By sending out the Notices, Plaintiffs are improperly circumventing the Court's role in Rule 23 actions and violating the strict notice requirements of Rule 23(c)(2).  Also, by providing inaccurate and misleading information in the Notices, and by not giving Outback prior notice of the letters, Plaintiffs have unduly prejudiced Outback – not only in this lawsuit, but also in terms of employee morale, employee relations and Outback's good will.  Plaintiffs should be enjoined from sending out any notices to potential class members without Court authorization and approval of such notice, and should be prohibited from representing any individual to whom they have already sent the Notices attached hereto as Exhibit 1 (or any similar letter they have already sent out).

**B.** **Plaintiffs And/Or Their Counsel Are Not Permitted To Provide Notice To Or Solicit Prospective Plaintiffs Prior To Conditional Certification Of The FSLA Collective Action.**

The clear weight of authority establishes that it is not permissible for Plaintiffs to provide notice to other individuals to join a collective action pursuant to Section 216(b) prior to certification of the collective action by the Court or involvement of the Court. Prior to the Court authorizing notice to other potential members of a collective action, Plaintiffs must make a "factual showing sufficient to demonstrate that the Plaintiff and other putative plaintiffs together were potentially victims of a common policy or plan that violated the FLSA." *Gambo v. Lucent Technologies, Inc.*, 2005 U.S. Dist. LEXIS 37998, *14 (N.D. Ill. Dec. 22, 2005) (Ex. 2); *Vander Vennet v. American Intercontinental University Online*, 2005 U.S. Dist. LEXIS 45344 at *7 (N.D. Ill. Dec. 22, 2005) (Ex. 3).

In an FLSA collective action, "[t]he critical inquiry in determining whether a court should exercise its discretion to authorize the sending of notice to potential plaintiffs is whether the representative plaintiff has shown that she is similarly situated to the potential class plaintiffs." *Springman Austin v. CUNA Mutual Ins. Society*, 232 F.R.D. 601, **10-11 (W.D. Wisc. 2005). Plaintiff must demonstrate a "reasonable basis for believing she is similarly situated to potential class members" and if plaintiff makes this showing, "the court conditionally certifies a class, authorizes notices and the parties conduct discovery." *Id.*

Here, Plaintiffs have not made any showing that the potential members of the FLSA collective action are similarly situated, nor has the Court conditionally certified the class, and indeed it may never do so. As such, Plaintiffs' Notices are wholly premature and a complete abrogation of this Court's authority and legal precedent requiring communications with opposing counsel on these issues.

Plaintiffs' conduct in the present case in sending out the Notices is directly contrary to judicial holdings as the Court has not yet determined whether this matter should be pursued as a collective action pursuant Section 216(b).[5] Despite the absence of the required finding, Plaintiffs have apparently pursued other parties to join the lawsuit by sending out a mass mailing to Outback's current and former employees. Through their actions, Plaintiffs have usurped the role of the Court to manage the joinder of parties and notice to those parties in a collective action pursuant to Section 216(b) and the Court's duty to regulate the content and distribution of the notices. *See Hoffman-La Roche v. Sperling*, 93 U.S. 165, 170-72, 110 S. Ct. 482, 107 L. Ed. 2d 480) (1989) ("Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure").

In *Woods v. New York Life Insurance Co.*, 686 F.2d 578, 580 (7th Cir. 1982), the Seventh Circuit affirmed both the propriety of allowing plaintiffs in a Section 216(b) action to send notice to other potential class members "and the power of the district court to regulate the content and distribution of the notice." *King v. ITT Continental Banking Co.*, 1986 U.S. Dist. LEXIS 29321 (N.D. Ill. Feb. 13, 1986)(Ex. 4). District courts have a duty to "regulate the content and distribution of the notice to potential class members." *Woods*, 686 F.2d at 580.

---

[5] In *Cintron v. Hershey Puerto Rico*, 363 F. Supp. 2d 10 (D.P.R. 2005), the plaintiff solicited other individuals to join a collective action pursuant to Section 216(b) and filed approximately 98 consent to sue forms prior to the court's certification of the class. The District Court for the District of Puerto Rico granted the defendant's motion to strike the consent to sue forms because the court had not yet determined that putative class members should be provided with notice stating that "[t]he **trial court must first authorize whether the alleged class should be provided with notice . . . .** Plaintiffs failed to request authorization from this Court to give notice to the potential class members." *Id.* at 17 (emphasis in original).

Plaintiffs have usurped this Court's authority by sending out notices without the Court's knowledge or involvement.

In *Bouder v. Prudential Financial, Inc.*, 2007 U.S. Dist. LEXIS 83338 (D.N.J. Nov. 8, 2007)(Ex. 5), the plaintiffs, prior to filing a motion for conditional class certification, notified the defendant of their intent to send a letter and "Consent to Sue" forms to potential collective action members. *Id.* at 3. The Court ordered the plaintiffs and their counsel to cease their attempted communications with the putative class members.

> Outside the context of a notice process supervised by the Court, plaintiffs' attorneys are not permitted unilaterally to send unsolicited notices regarding the case to putative FLSA class members not yet parties to an action conditionally certified by the Court. (internal citations omitted).

***

> Moreover, before an individual plaintiff may give notice to other potential class members of their right to opt-in as a party to an FLSA lawsuit, the district court has the discretionary authority whether to approve the notification of the putative class members. (Internal citations omitted.)

*Id.* at *5-6.

Plaintiffs' counsel, particularly Mr. Werman and Mr. Sypulski, certainly know how to ask for court authorization prior to providing notice to potential collection action plaintiffs in a FLSA action given their extensive experience in this area of law.[6] In *Gambo, supra.*, these same Plaintiffs' counsel moved "for an Order to Authorize Notice to Similarly-

---

[6]   Plaintiffs' counsel, specifically the Werman Law Office, has represented several sets of plaintiffs where the plaintiffs first moved for an order authorizing notice to similarly situated persons, including the following cases:  *Garcia v. Salamanca Group, Ltd.*, 2008 U.S. Dist. LEXIS 22852 (N.D. Ill. Mar. 24, 2008); *Gambo v. Lucent Techs., Inc.*, 2005 U.S. Dist. LEXIS 37998 (N.D. Ill. Dec. 22, 2005); *Persin v. Careerbuilder, LLC*, 2005 U.S. Dist. LEXIS 29727 (N.D. Ill. Nov. 23, 2005); *Ponce v. Tim's Time, Inc.*, 2004 U.S. Dist. LEXIS 12729 (N.D. Ill. July 7, 2004); *Taillon v. Kohler Rental Power, Inc.*, 2003 U.S. Dist. LEXIS 7275 (N.D. Ill. Apr. 25, 2003).

Situated Persons" pursuant to Section 216(b). *Id.*, 2005 U.S. Dist. LEXIS 37998 at *1. Indeed, Plaintiffs' counsel here did not even advise Defendants of their intent to send these communications to their current and former employees as required by precedent, making plaintiffs' counsel's actions herein even more egregious than that of their counterparts in *Bouder*. Plaintiffs' counsels' failure to request court authorization or to even put Outback on notice of their intent to send these Notices prior to doing so is a clear attempt to usurp this Court's authority and to improperly abuse the clear procedures established in the above-cited cases.

For all these reasons, the Court should enjoin Plaintiffs and their counsel from providing notice to, soliciting, and communicating with potential class members prior to conditional certification of the class, if any, as well as Court approval of a notice. The Court should further enjoin Plaintiffs' counsel from representing anyone to whom they have already sent Notices, or anyone who is referred to them by recipients of these Notices. Finally, Outback further moves to preclude any person from opting into this lawsuit who received Plaintiffs' improper Notices.

### C.    Plaintiffs Improperly Failed To Provide Outback Prior Review Of The Notices.

In *Woods*, the Seventh Circuit has held that it is improper "for [plaintiff] or his counsel to have sent out such invitations [to join a collective action pursuant to 29 U.S.C. § 216(b)] without first communicating to the defendant's counsel his intention to do so, so that the defendant's counsel would have an opportunity to verify the accuracy of the notice and, if he wished, to move for an order amending the notice or limiting its distribution in an appropriate manner." *Id.*, 686 F.2d at 580; *see also Heitmann v. City of Chicago*, 2004 U.S. Dist. LEXIS 14669, *5 (N.D. Ill., July 30, 2004) (Ex. 6) ("Plaintiff must provide notice to the Defendant prior to distributing notice and consent forms in FLSA actions under 29 U.S.C. § 216(b)."). "This rule

9

is move than twenty years old now and Plaintiff should have followed it." *Heitmann*, 2004 U.S. Dist. LEXIS 14669 at *5.

Here, contrary to *Wood* and *Bouder*, Plaintiffs failed to provide Outback prior notice of Plaintiffs' Notices. Outback became aware of the Notices only as current and former employees of Outback who received them contacted the Proprietors of Outback's restaurants about such notices. Because Plaintiffs have violated this mandate in *Woods*, Plaintiffs should be enjoined from providing notice to or soliciting prospective plaintiffs, not only until a collective action has been certified, but also not until Outback has had the opportunity to review the proposed notice and seek relief from the Court as necessary. The Court should further enjoin Plaintiffs' counsel from representing anyone to whom they have already sent Notices, or anyone who is referred to them by recipients of these Notices and preclude any person from opting into this lawsuit who received Plaintiffs' improper Notices.

**D.     Plaintiffs' Notices Are Prejudicial to Outback and to Potential Collective Action Members.**

Even if Plaintiffs were allowed to provide notice to and solicit potential collective action members prior to the Court's certification of the class, which they clearly are not, potential collective action members are entitled to accurate information about the suit "so that they can make ***informed decisions*** about whether to participate."' *Gerlach v. Wells Fargo & Co.*, 2006 U.S. Dist. LEXIS 24823, *13 (N.D. Cal., Mar. 26, 2006) (quoting *Hoffman-La Roche, supra*, 493 U.S. at 170) (emphasis added) (Ex. 7). Plaintiffs, however, failed to provide sufficient information to allow for any informed decision making, as no notice has yet been approved by the Court. To the extent that Plaintiffs' letters should considered a "notice," (albeit one not approved by the Court), they are woefully insufficient.

Certain basic information must be shared with potential collective action members so they can make informed decisions about whether to participate in the litigation. For example, in *Heitmann*, 2004 U.S. Dist. LEXIS 14669, the court rejected plaintiff's proposed notice because it failed to inform potential plaintiffs of their rights with respect to joining the lawsuit or of their ability to choose separate counsel. *Id.* at *8. Potential collective action members should also be told that they may choose to initiate their own suits or not to sue the defendants at all, *see King*, 1986 U.S. Dist. LEXIS 29321 at * 8, as well as being told of defendant's defenses to the action. *Id.* In *Gerlach, supra*, 2006 U.S. Dist. LEXIS 24823, the court rejected plaintiff's proposed notice, in part because it did not include a provision explaining the responsibility of individual plaintiffs for potential costs and it failed to note that the defendants denied any violation of the law. *Id.* at *12.

Plaintiffs' Notices are wholly insufficient and it is for this reason that the Seventh Circuit in *Wood* anticipated that defendants and the Court would be involved in the notice development process. Indeed, given Plaintiffs' counsels' extensive experience in bringing these types of lawsuits (*see* Plaintiffs' counsels' website at www.flsalaw.com), one can only assume that they knew a notice of this nature would not be allowed by the Court, and this is why they took the unprofessional step of sending out this letter surreptitiously and contrary to required procedure. Because Plaintiffs' Notices are inadequate and prejudicial as described above, the Court should enjoin Plaintiffs from further distributing these Notices and soliciting additional Plaintiffs. The Court should further enjoin Plaintiffs' counsel from representing anyone to whom they have already sent Notices, or anyone who is referred to them by recipients of these Notices and preclude any person from opting into this lawsuit who received Plaintiffs' improper Notices.

11

E.    **Plaintiffs' Counsels' Action Violates Illinois Rule Of Professional Conduct 7.3.**

Rule 7.3 of the Illinois Rules of Professional Conduct, titled "Direct Contact With Prospective Clients," states:

> Except as provided in this Rule 7.3, or as permitted by Rule 7.2, a lawyer shall not, directly or through a representative, solicit professional employment when a significant motive for doing so is the lawyer's pecuniary gain. The term "solicit" means contact with a person other than a lawyer in person, by telephone or telegraph, by letter or other writing, or by other communication directed to a specific recipient.

Here, by sending out the Notices which solicit their professional employment, Plaintiffs' counsel has violated Rule 7.3. *See, e.g., In the Matter of Eaton Thomas*, 2006 Atty. Reg. Disc. LEXIS 225 (ARDC Nov. 1, 2006)(finding that attorney improperly solicited professional employment from prospective clients who were not relatives or close friends of attorney or with whom attorney or her firm had a prior relationship in violation of Rule 7.3). Given their level of expertise in this area of the law, their knowledge of the correct steps to take in sending out these Notices, and the irreversible damage that can be caused by such inappropriate communications, the only proper sanction is for them to not be able to communicate with, or represent, any individual to whom they sent a letter or who contacts them as a result of such a letter. This does not infringe upon the potential plaintiffs' rights – there are other lawyers in Illinois from whom they can seek representation. Nor does it infringe upon the current named Plaintiffs' rights. It only does that which this Court has the express authority to do: it issues an appropriate sanction to Plaintiffs' counsel for violating clear ethical rules or which they are aware.

Indeed, courts routinely disqualify counsel for serious breaches of ethical obligations. *See, e.g., Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 749 (D. Md. 1997)

(disqualifying counsel for violating Maryland Rule of Professional Conduct 4.2, which prohibits communication with represented party); *Camden v. Maryland,* 910 F. Supp. 1115, 1118 (D. Md. 1996) (same). This sanction to address plaintiffs' counsel's egregiously unethical conduct is necessary and appropriate here.

## CONCLUSION

Plaintiffs have usurped the authority of the court to manage the joinder of and communication to parties under Rule 23 and 29 U.S.C. § 216(b) by impermissibly soliciting potential class and collective action members to join this lawsuit prior to conditional certification and prior to Outback's review of any notice. Therefore, Outback respectfully requests that the Court grant its motion to enjoin Plaintiffs from providing notices to, soliciting, and communicating with prospective plaintiffs in the absence of conditional certification of this matter as a class or collective action and prior to further order from the Court. Even if the Court permits Plaintiffs to solicit potential collective action members prior to the Court's conditional certification of this matter as a collective action, Outback respectfully requests that the Court require the parties to agree on a proper notice that is not prejudicial to the potential collective and class action members and Outback. The Court should further enjoin Plaintiffs' counsel from representing anyone to whom they have already sent Notices, or anyone who is referred to them by recipients of these Notices. Finally, Outback further moves to preclude any person from opting into this lawsuit who received Plaintiffs' improper Notices.

DATED: July 11, 2008

Respectfully submitted,


/s/ Jane M. McFetridge

13

Jane M. McFetridge
Nadine Abrahams
Jackson Lewis LLP
320 W. Ohio Street, Suite 500
Chicago, Illinois  60610
(312) 787-4949
Fax:  (312) 787-4995