# EXHIBIT 4

*1986 U.S. Dist. LEXIS 29321, \**

EMIL KING, individually and on behalf of all others similarly situated, and EARLY WRIGHT, individually and on behalf of all others similarly situated, Plaintiffs, v. ITT CONTINENTAL BAKING CO., a Delaware corporation, Defendant

No. 84 C 3410

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

1986 U.S. Dist. LEXIS 29321

February 13, 1986

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employees filed a five-count amended complaint against defendant corporate employer alleging racial discrimination in promotions, failure to pay overtime compensation properly due, and retaliatory discharge of one of the employees. The employees filed motions to strike the employer's 13th affirmative defense, for leave to serve additional interrogatories, and for approval of notice to potential class members.

**OVERVIEW:** The employees filed a five-count amended complaint against the corporate employer alleging racial discrimination in promotions, failure to pay overtime compensation properly due, and retaliatory discharge of one of the employees. The employees filed motions to strike the employer's 13th affirmative defense, for leave to serve additional interrogatories, and for approval of notice to potential class members. On review, the court held that (1) the employer's discovery responses indicated that it was unaware of any applicable enforcement policies of the Wage and Hour Division of the Department of Labor and could not have relied upon such a policy in establishing the overtime pay policies at issue; (2) the employer's reliance was required for its affirmative defense to have been valid and granted the employees summary judgment on the 13th affirmative defense; (3) the notice, as modified, fairly and adequately informed potential class members of their alternatives and consequences of their decisions; and (4) the motion for leave was partially granted and the employer was ordered to fully answer certain proposed interrogatories.

**OUTCOME:** The court granted summary judgment in favor of the employee on the issue of the employer's 13th affirmative defense finding that the employer was unaware of any enforcement policy to have relied on it. The court held that the notice, as modified, fairly and adequately informed potential class members of their alternatives and consequences of their decisions.

**CORE TERMS:** notice, class members, join, Fair Labor Standards Act, interrogatory, clerk, affirmative defense, route, overtime, lawsuit, opt-in, overtime pay, summary judgment, partial, mailing, mailed, plants, form of notice, last known, affirmatively, supervisor, inclusion, newspapers, modified, initiate, envelopes, driver, leave to serve, class action, attorneys' fees

**LEXISNEXIS(R) HEADNOTES**
Civil Procedure > Class Actions > Class Members > General Overview
Civil Procedure > Judgments > General Overview
Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN1** No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. 29 U.S.C.S. § 216(b). Thus, a class action under § 216(b) differs from a class action under Fed. R. Civ. P. 23 in that a class member in the former action must affirmatively "opt-in" to the action in order to be bound by any ensuing judgment, while in the latter a class member must affirmatively "opt-out" in order not to be bound by a judgment.

Civil Procedure > Class Actions > Judicial Discretion

**HN2** Although the **court** has both the power and the **duty** to ensure that the **notice** is fair and accurate, that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary.

Civil Procedure > Class Actions > Certification
Civil Procedure > Class Actions > Class Members > General Overview
Civil Procedure > Class Actions > Notices

**HN3** Even in class actions certified under Fed. R. Civ. P. 23(b)(3), where notice to class members is mandatory, plaintiffs normally must bear the costs of notice.

**OPINION BY:** [*1] ROVNER

**OPINION**

*MEMORANDUM OPINION AND ORDER*

ILANA DIAMOND ROVNER, UNITED STATES DISTRICT JUDGE

Plaintiffs in this action have filed a five-count amended complaint against defendant ITT Continental Baking Company ("Continental") alleging racial discrimination in promotions, failure to pay overtime compensation properly due to plaintiffs, and retaliatory discharge of plaintiff Emil King. Presently before this Court are three motions: plaintiffs' motion to strike or for partial summary judgment upon defendant's thirteenth affirmative defense, plaintiffs' motion for leave to serve additional interrogatories, and plaintiffs' motion for approval of notice to potential class members concerning plaintiffs' overtime compensation claim.

*Motion to Strike or for Partial Summary Judgment*

Plaintiffs have moved to strike, or, in the alternative, for a grant of partial summary judgment upon the thirteenth affirmative defense found in defendant's answer. That defense, predicated upon 29 U.S.C. § 259, states as follows:

> Without in any way admitting that the alleged acts or omissions of Defendant giving rise to this action violated either the Fair Labor Standards Act or the Portal-to-Portal [*2] Act, the Defendant's alleged acts or omissions were committed in good faith in conformity with and in reliance on an enforcement policy of the Wage and Hour Division of the Department of Labor with respect to the particular class of employers to which the Defendant belongs.

Following receipt of defendant's answer, plaintiffs attempted, through both interrogatories and a request for production of documents, to obtain identification of the enforcement policy allegedly relied upon by defendants and details concerning the alleged reliance. When, in its responses, defendant failed to identify any such enforcement policy, plaintiff brought the motion presently before this Court.

In its response to plaintiffs' motion, defendant states that, at the time its answer was drafted, its *counsel* "reasonably believed" that such a policy existed, but that counsel have thus far been unable to identify any such policy. Defendant therefore suggests that the Court strike the affirmative defense with leave to reinstate the defense if counsel ever locates a relevant enforcement policy.

First, the Court notes that whether defendant's *counsel* believed such a policy existed at the time counsel [*3] drafted defendant's answer is irrelevant. For the defense to be valid, defendant's employees who were responsible for establishing its overtime pay policies must have been aware of the alleged enforcement policy and have acted "in good faith in conformity with and in reliance on" that policy when defendant created the policies at issue in this action. 29 U.S.C. § 259. If defendant's counsel did not make a reasonable inquiry of defendant's personnel to determine whether these conditions existed before counsel drafted defendant's thirteenth affirmative defense, defendant's counsel failed to live up to counsel's obligations pursuant to Fed. R. Civ. P. 11.

Defendant's discovery responses indicate that, to this day, defendant is unaware of any applicable enforcement policies. Therefore, it is clear that defendant could not have relied upon such an enforcement policy in establishing defendant's overtime pay policies at issue in this action. Since reliance is clearly required for the affirmative defense to be valid, the Court grants plaintiff's motion for partial summary judgment upon defendant's thirteenth affirmative defense. Plaintiff's alternative motion to strike is dismissed as moot.

[*4] *Motion to Serve Additional Interrogatories*

Plaintiffs have moved for leave to serve additional interrogatories. The Court orders defendant to answer in full the following proposed interrogatories: 1, 2, 3, 6, 7, 8, 10, 11, 16 and 17. The defendant is ordered to answer the following interrogatories within the restrictions noted: 5 (subsections a, b, and c only), 12 (subsections a, b, c, and d only), 18 (1981 to present only), and 19 (Chicago area plants only).

Where possible, defendant may answer by reference to produced and specifically identified documents. If any interrogatory has been answered fully in earlier discovery proceedings, including depositions, defendant may so state and refer, with specificity, to the previous discovery.

Defendant is given 45 days from the date of this Order to comply.

*Motion for Approval of Notice*

Count III of plaintiffs' amended complaint alleges that Continental failed to make overtime payments to plaintiffs as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. This action is brought on behalf of the named plaintiffs and others similarly situated pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

Section [*5] 216(b) provides for representative actions of this nature, but specifically states that HN1 "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such

action is brought." 29 U.S.C. § 216(b). Thus, a class action under Section 216(b) differs from a class action under Fed. R. Civ. P. 23 in that a class member in the former action must affirmatively "opt-in" to the action in order to be bound by any ensuing judgment, while in the latter a class member must affirmatively "opt-out" in order *not* to be bound by a judgment. *Woods v. New York Life Insurance Company*, 686 F.2d 578, 580 (7th Cir. 1982).

In *Woods*, the Seventh Circuit affirmed both the propriety of allowing plaintiffs in a Section 216(b) action to send notice of the pendency of the action to other potential class members and the power of the district court to regulate the content and distribution of the notice. *Woods*, 686 F.2d at 580. However, the *Woods* court made it very clear that the form of the notice should avoid any suggestion of judicial imprimatur or sponsorship, and specifically forbade the [*6] use of court letterhead or the signing of the notice by the clerk of court or any other judicial officer. The Court said:

> We can think of no good reason for apparent judicial sponsorship of the notice, at a stage in the litigation where there has been no determination that the plaintiff's allegations have any merit; and we can think of a good reason against it, which is that the judicial imprimatur is likely to be misunderstood as a representation that the suit probably has merit.

*Id.* at 581.

Plaintiffs' motion proposes both a form of notice and a plan for distribution of that notice. Defendant does not challenge the propriety of distribution of some form of notice, but does challenge several features of both plaintiffs' proposed form of notice and plan of distribution.

1. *Form of the Notice*

First, the Court notes that, absent reasonable objections by either the defendant or the Court, plaintiffs should be allowed to use the language of their choice in drafting the notice. As the Court in *Woods* noted, the notice represents not an official communication from the Court, but is instead a communication from the plaintiff and plaintiffs' counsel to other prospective [*7] class members. Therefore, HN2 although the **Court** has both the power and the **duty** to ensure that the **notice** is fair and accurate, that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary.

As defendant has noted, plaintiffs' proposed notice is modeled upon the notice approved by Judge Will and utilized in *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 449-450 (N.D. Ill. 1982). Defendant suggests, however, that several substantive changes be made.

First, defendant argues that use of the case caption, inclusion of a statement that the Court has authorized sending of the notice, and sending the notice under the signature of the clerk of court all violate the provisions of *Woods*. This Court agrees. Clearly, the *Woods* court held that sending notice under the signature of the clerk of court was inappropriate. Moreover, use of the case caption and inclusion of a statement that the Court has approved the notice would create the very impression of judicial imprimatur that the *Woods* court cautioned against. Accord, *Woods v. New York Life Insurance Co.*, No. 81-C-361, slip op. at 6 (E.D. Wis. October 19, 1982) (Warren, J., opinion [*8] on form of notice following remand from Seventh Circuit). Therefore, the statement concerning court approval will be removed and plaintiffs are instructed to use the letterhead of plaintiffs' counsel for the notice. The notice also should be issued under the names of plaintiffs' counsel.

Defendant has also requested several other changes. The Court will address each briefly. First, defendant requests that a short statement of defendant's defenses to the action be included. The Court has modified the notice to specifically note defendant's primary defense -

that the employees involved are exempt from the FLSA provisions. Also at defendant's request, and in accord with the notice used in *Woods*, the Court has added a statement that potential class members may choose to initiate their own suits or not to sue Continental at all.

The Court declines to include a statement that potential class members have not waived any legal rights by not joining the action. As plaintiff notes, they do waive the right to be a part of this lawsuit. Moreover, they may, by not choosing to act now, delay any action until the statute of limitations on their claim has passed. The Court finds the notice, **[*9]** as modified by the Court, fairly and adequately informs potential class members of their alternatives and the consequences of their decision.

The Court also declines to add a statement that class members may be liable for defendant's attorneys' fees and court costs should defendant prevail. The Court notes that Section 216(b) specifically directs that prevailing plaintiffs should be awarded attorneys' fees and costs; it is silent as to prevailing defendants. Continental failed to cite a single case to this Court in which a prevailing defendant in an analgous action has been awarded attorneys' fees and costs, and the Court has not found such a case through its own research. The Court finds that inclusion of such a statement would unreasonably chill participation in this action by potential class members.

Finally, defendant requests that a statement of the fee arrangement for plaintiff's counsel be included. The Court finds such a statement unnecessary, and declines to order its inclusion. Potential class members interested in retaining the services of plaintiffs' counsel will undoubtedly inquire on their own.

The form of the notice, as modified by the Court, is relatively similar **[*10]** to that proposed by plaintiffs. The changes that have been made reflect a balance between the plaintiff's proposal, the defendant's criticisms and the Court's perception of fairness.

The Court has patterned the Notice of Consent form on the form utilized by the *Woods* court in Wisconsin. The form includes an acknowledgment by the new class member that he or she is aware that he or she will be bound by the Court's judgment and indicates the claimant's choice of counsel. In the Court's opinion, both items are appropriate and helpful.

A copy of the approved notice and notice of consent forms are attached to this Opinion as an Appendix.

2. *Persons Entitled to Notice*

The Court finds that the proper group to receive notice in this action is as follows:

> All persons employed by Continental Baking Company as route sales drivers or route sales supervisors for the Hodgkins Wonder Bread Plant or the Schiller Park Hostess Cake Plant on or after (the date three years prior to the mailing date of this notice).

3. *Method of Distribution*

Plaintiff suggests that current employees receive the notice in pay envelopes and that defendant be ordered to mail the notice to the **[*11]** last known address of eligible former employees. Plaintiff also requests that defendant be ordered to publish the notice in any company newspapers and local public newspapers. Finally, plaintiff requests that copies of the notice be posted at and be available in appropriate local union halls. Plaintiff also requests that defendant be ordered to bear all expenses associated with the notice.

First, the Court holds that plaintiffs must bear *all* of the costs associated with preparing and distributing the notice in this action. HN3 Even in class actions certified under Fed. R. Civ. P. 23(b)(3), where notice to class members is mandatory, plaintiffs normally must bear the costs of notice. See, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178-79 (1974). As the *Woods* court noted, serious due process questions would arise if 23(b)(3) class members were not given notice, since they are bound by any judgment unless they affirmatively opt-out. 686 F.2d at 579.

In this action, as stated earlier, potential class members are not bound by any ensuing judgment unless they affirmatively opt-in. For this reason, notice is not required - plaintiffs and plaintiffs' attorneys have a right [*12] to seek approval of and distribute a form of notice, but not a duty to do so. If plaintiffs choose to exercise that right, they must pay for it themselves.

Second, as defendant notes, the *Woods* court stated that defendants in Section 216(b) cases may be ordered "to furnish the plaintiff with the names and addresses of potential class members," 686 F.2d at 580, but it did not sanction placing any further burdens on the defendant. This Court finds plaintiffs' suggestions that defendant be ordered to include the notice in the pay envelopes of current employees and to print the notice in company publications are unreasonably intrusive and the Court rejects them.

However, the Court will permit the plaintiffs to distribute the notice at union halls (presuming the union gives its permission) and, at plaintiffs' expense, to print the notice in local newspapers. Although defendant argues that these steps will involve unpleasant publicity for Continental, this action is a public matter and plaintiffs are entitled to use reasonable methods at their disposal to reach prospective class members.

Plaintiff has also requested access to the personnel files of prospective class members to determine [*13] their last known addresses and, perhaps, other leads to their current addresses. Defendant argues such access in unnecessary and would constitute an unwarranted invasion of the potential class members' privacy. This Court agrees. Plaintiffs are entitled to a list of the names and last known addresses of those individuals who meet the criteria for membership in the class, and nothing more.

4. *Defendant's Proposed Notice*

Defendant has requested that it be allowed to send the following notice to potential class members:

> You have already received or will soon receive a letter regarding a lawsuit filed against the Company under the Fair Labor Standards Act. In the Company's view, this suit is without merit and the Company has and will defend its position vigorously.
>
> If you have any questions regarding this matter, you may contact.

The proposed letter is patterned on a letter approved by the district court in the *Woods* case. However, the *Woods* court noted that the defendant in that action had stated that it did not intend to initiate any further contact with potential class members during the opt-in period.

This Court agrees with the *Woods* court that the proposed [*14] letter is not objectionable, provided that defendant Continental similarly agrees not to initiate any further contact with potential class members during the opt-in period. If

Continental agrees to that condition and wishes to send the letter, it should so state in a short pleading and file that pleading in the Court record.

5. *Notice Procedures*

The Court orders the following procedures be used during the notice period:

(1) Plaintiffs shall obtain a post office box to which all Notices of Consent shall be sent. Plaintiffs shall, at the close of the opt-in period, file in the Court file all Notices of Consent received in a single, bound pleading and, of course, shall serve copies of that unitary pleading on the defendant and these chambers. Plaintiffs shall keep the envelopes in which the Notices of Consent are received and shall allow defendants to inspect those envelopes upon request;

(2) Defendant shall provide a list of potential class members and their last known addresses to plaintiffs within ten (10) days of the Court's order;

(3) Plaintiffs shall have fourteen (14) days to mail the notices to prospective class members;

(4) Plaintiffs' counsel will notify defendant's [*15] counsel at least twenty-four (24) hours before notices are mailed to prospective class members;

(5) All notices to prospective class members, including both plaintiffs' notice and defendant's notice should one be sent, will be mailed on the same day;

(6) Plaintiffs may post the notice in union halls or publish it in newspapers as of the day of mailing and through the end of the opt-in period;

(7) Prospective class members will have thirty (30) days from the date of mailing to mail their Notice of Consent;

(8) Plaintiffs' and defendant's counsel shall file a joint pleading with the Court indicating to whom notices have been sent, the address used, and the date upon which the notices were mailed.

*Conclusion*

Plaintiffs' motion for partial summary judgment upon defendant's thirteenth affirmative defense is granted. Plaintiffs' alternative motion to strike is dismissed as moot. Plaintiffs' motion for leave to serve additional interrogatories is granted in part and denied in part. Plaintiffs' motion for approval of notice is granted as modified by this Opinion.

*APPENDIX*

NOTICE OF PENDENCY OF OVERTIME CLAIM

To: All persons employed by Continental Baking Company as **[*16]** route sales drivers or route sales supervisors for the Hodgkins Wonder Bread Plant or the Schiller Park Hostess Cake Plant on or after [the date three years prior to the mailing date of this notice].

Re: Fair Labor Standards Act overtime pay lawsuit against Continental Baking Company.

The purpose of this Notice is to advise you of an overtime pay claim which has been filed against Continental Baking Company and to advise you of the legal rights you have in connection with that suit.

1. *Description of the Litigation*. Two current employees of the Continental Baking Company filed this lawsuit in April, 1984 in the United States District Court for the Northern District of Illinois, located in Chicago. The complaint alleges, among other things, that the Continental Baking Company has failed to pay overtime to route sales drivers and route sales supervisors unless and until those employees have worked at least 47 hours or 57 hours per week, respectively. The complaint alleges that this practice is contrary to provisions of the Fair Labor Standards Act which require payment of overtime at the rate of time and one-half the employees regular rate of pay for all hours in excess of 40 **[*17]** hours per week. Defendant Continental Baking Company alleges that these employees are exempt from the overtime pay provisions of the Fair Labor Standards Act and has raised other defenses.

2. *Your Right to Join this Suit as a Party Plaintiff*. You, as a present or former route sales supervisor or driver, have been identified as an individual who may have a claim against Continental Baking Company similar to that made by the plaintiffs in this case. You have the right to assert that claim against Continental Baking Company as a party plaintiff in the present lawsuit. You also have the right to initiate your own lawsuit or you may choose not to sue Continental at all. If you choose to become a party plaintiff in this action, you *must* file with the Clerk of the Court a written Notice of Consent to be made a party plaintiff.

It is entirely your own decision whether or not to join this suit. You are not required to join in this case or to take any action unless you want to. It is completely voluntary.

3. *Your Options as to Legal Representation if You Join the Suit*. If you wish to join the suit as a party plaintiff, it is entirely your own decision whether you prefer to be **[*18]** represented by the present plaintiffs' attorneys or by an attorney of your own choosing. The attorneys for the present plaintiffs are:

Burton I. Weinstein

Susan P. Malone

Baskin, Server, Berke & Weinstein

One N. LaSalle Street

One N. LaSalle Street

Chicago, Illinois 60602

Suite 2800

(312) 726-2638

Chicago, Illinois 60602

(312) 782-8420

If you have any questions with respect to the case, you may contact them.

4. *How to File the Notice of Consent if You Choose to Join this Suit.* Attached to this Notice is a form to be used if you wish to be a party plaintiff in this suit. The form must be filled out, signed and mailed to the Clerk of the Court *postmarked on or before* [the date 30 days after the date of mailing of this notice]. The form should be mailed to the following address:

Clerk of the Court

United States District Court

P.O. Box

Chicago, Illinois

Unless the. Clerk receives a Notice of Consent form postmarked on or before   , 1986, you will not be allowed to join in this case.

5. *The Legal Effect of Joining or Not Joining.* If you do not file a consent form and join in this case, you will not receive any monetary or other relief if **[*19]** the plaintiffs prevail in this case. Such relief could only be obtained by you if you file a timely, independent action as required by the Fair Labor Standards Act. The Act limits claims for damages to the two years immediately preceeding the filing of the action. Relief for three years preceeding the filing is available only where the violation is proven to be willful in nature.

If, however, you decide to join this case by filing your consent, you will be bound by the judgment of the Court on all issues in this case whether favorable to you or not. If you do not join this case, you will not be bound by any judgment of the Court in this case.

6. *Protection Against Retaliation.* The Fair Labor Standards Act prohibits Continental, any of its supervisory personnel or other employees, or anyone else from discriminating or retaliating against you if you choose to take part in this case.

By:

Burton I. Weinstein Baskin, Server, Berke and Weinstein

Susan P. Malone

NOTICE OF CONSENT

To: The Clerk of the Court United States District Court for the Northern District of Illinois

I hereby consent to become a plaintiff in *King v. ITT Continental Baking Co.*, case

number 84 C 3410. **[\*20]**

I understand that by filing this consent I will be bound by the judgment of the Court on all issues in the case whether or not favorable to me.

I will be represented in this action by:

[Mark one of the following choices]

Counsel for Mr. King and Mr. Wright

Counsel I have retained:

(Name of individual lawyer and law firm, address and phone number)

Dated this    day of   , 1986.

Signature:

Name:

Phone:

Topic: All Topics > Civil Procedure > Class Actions > Notices [i] 7th Circuit - US Court of Appeals, District & Bankruptcy Cases, Combined [i]
Terms: court /10 duty /10 notice  (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Thursday, July 10, 2008 - 11:46 AM EDT

\* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
\* Click on any *Shepard's* signal to *Shepardize*® that case.



About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.