# EXHIBIT 6

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 14669 Page 1 of 6

Case 1:08-cv-01091 Document 28-7 Filed 07/11/2008 Page 2 of 7

*2004 U.S. Dist. LEXIS 14669, **

HANS G. HEITMANN, Plaintiff, v. CITY OF CHICAGO, Defendant.

No. 04 C 3304

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2004 U.S. Dist. LEXIS 14669

July 29, 2004, Decided
July 30, 2004, Docketed

**SUBSEQUENT HISTORY:** Summary judgment granted by, Summary judgment granted, in part, summary judgment denied, in part by Heitmann v. City of Chicago, 2007 U.S. Dist. LEXIS 67684 (N.D. Ill., Sept. 11, 2007)

**DISPOSITION:** [*1] Defendant's motion to strike plaintiff's notice and consent forms granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff sued on behalf of himself and other similarly situated plaintiffs who were employees of defendant city's police department. Plaintiff alleged the police department violated the Fair Labor Standards Act (FLSA) in its administration of accumulated compensatory time. The city challenged the adequacy of the notice and consent forms that plaintiff was required to provide to other similarly situated employees under 29 U.S.C.S. § 216(b).

**OVERVIEW:** Section 216(b) of the FSLA required that no employee could be a party plaintiff unless she gave her consent in writing to become a party and such consent was filed in the court. In its objections, the city argued that plaintiff did not provide notice to the city. Under Seventh Circuit precedent, plaintiff was required to provide notice to the city prior to distributing notice and consent forms in FLSA actions under § 216(b). For failing to notify the city prior to distribution, the court required plaintiff to amend the notice and consent form to bring them both into compliance with the requirements of the court's opinion. The court rejected the city's contention that the notice as provided did not accurately advise potential plaintiffs of the issues in the lawsuit. The city objected to the content of the notice in that it did not inform the potential plaintiffs of their rights with respect to joining the lawsuit nor of their ability to choose separate counsel. The court found that these objections were well grounded. The consent forms were also insufficient because they did not mention the lawsuit by name or by number.

**OUTCOME:** The city's motion to strike plaintiff's notice and consent forms was granted.

**CORE TERMS:** notice, consent form, lawsuit, compensatory time, join, separate counsel, provide notice, elect, Fair Labor Standards Act, similarly situated, class action, distributing, accumulated, accurately, illegally, joinder, issues presented, disruption, disrupt', unduly, notify, inform, police officers', specific objections, false and misleading, retaliation, misleading, newsletter, complains, joining

**LEXISNEXIS(R) HEADNOTES**

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

*HN1* See 29 U.S.C.S. § 216(b).

Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend
Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

*HN2* Plaintiff must provide notice to the defendant prior to distributing notice and consent forms in Fair Labor Standard Act (FLSA) actions under 29 U.S.C.S. § 216(b). Plaintiff is not required, however, to seek leave of the court prior to distributing the notice and consent forms. Although many courts have implemented this practice, it is not required in FLSA cases.

Civil Procedure > Parties > Joinder > General Overview
Civil Procedure > Joinder of Claims & Remedies > Claims
Civil Procedure > Class Actions > Notices

*HN3* Failure to join a representative action under 29 U.S.C.S. § 216(b) of the Fair Labor Standards Act does not affect a plaintiff's right to bring an action in the future. In these cases, it is not required to inform the class of potential plaintiffs of the impact of joinder on their claims in the notice of a lawsuit.

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

*HN4* The court has both the power and the duty to ensure that the notice is fair and accurate, but that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary. Any party seeking to change the content of its pleadings must do so clearly and in writing.

**COUNSEL:** For HANS G HEITMANN, Individually and on behalf of other similarly situated individual Chicago Police Officers, plaintiff: Julie Sparling Desierto, Witwer, Poltrock & Giampietro, Chicago, IL. Paul D. Geiger, Law Offices of Paul D. Geiger, Chicago, IL.

For CITY OF CHICAGO, defendant: Mara Stacy Georges, City of Chicago, Law Department Corporation Counsel, Chicago, IL. Tracey Renee Ladner, Gia L. Morris, City of Chicago, Law Department Corporation Counsel, Chicago, IL.

**JUDGES:** David H. Coar, United States District Judge.

**OPINION BY:** David H. Coar

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Hans Heitmann has filed this action against the City of Chicago on behalf of himself and other similarly situated plaintiffs who are or were employees of the Chicago Police Department between May 10, 2001 and May 10, 2004. The Complaint alleges that during this three year period, the Chicago Police Department violated the Fair Labor Standards Act (FLSA) in its administration of accumulated compensatory time. The case comes before the Court at this early stage on the Defendant's Motion to Strike and Bar Plaintiff's Notice [*2] and Consent Forms.

**I. BACKGROUND**

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 14669    Page 3 of 6

Case 1:08-cv-01091    Document 28-15    Filed 07/11/2008    Page 4 of 7

Plaintiff contends that the Chicago Police Department has been illegally denying officers' requests for accumulated compensatory time. Plaintiff asserts that the Fair Labor Standards Act requires requests for accumulated compensatory time off to be granted unless the granting of those requests would "unduly disrupt" the department. Pursuant to federal regulations, "any employee of a public agency who has accrued compensatory time and requested use of this compensatory time, shall be permitted to use such time off within a 'reasonable period' after making the request, if such use does not 'unduly disrupt' the operations of the agency." 29 C.F.R. § 553.25(a). The regulations further define what constitutes an undue disruption of the operations of the agency: "Mere inconvenience to the employer is an insufficient basis for denial of a request for compensatory time off. For an agency to turn down a request from an employee for compensatory time off requires that it should reasonably and in good faith anticipate that it would impose an unreasonable burden on the agency's ability to provide services of acceptable quality **[*3]** and quantity for the public during the time requested without the use of the employee's services." 29 C.F.R. § 553.25(d). Plaintiff's Complaint alleges that the Chicago Police Department does not comply with these requirements in its administration of requests for compensatory time off.

The case arises under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The statute provides that a civil action may be maintained "by any one or more employees similarly situated." 29 U.S.C. § 216(b). The statute further provides that *HN1* "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id. The pending motion challenges the adequacy of the notice that Plaintiff provided to other similarly situated individuals and the consent form that Plaintiff provided to those employees.

## II. DISCUSSION

Defendant has several objections to the Plaintiff's notice and consent forms that were provided to potential plaintiffs. First, it asserts that Plaintiff erred in failing to seek leave of court **[*4]** to issue notice and consent forms to the potential plaintiffs. Second, it asserts general and specific objections to the form of the notice already provided. Third, it asserts general and specific objections to the form of the consent forms already provided. The Court will address each objection in turn.

### A. Plaintiff's Failure to Provide Notice Prior to Distribution

The Defendant contends that Plaintiff's distribution of notice and consent forms was improper because Plaintiff did not provide notice to the Defendant nor did he seek leave of the court. Plaintiff, in its response to the motion, asserts that it was not aware of any requirement to provide notice to defense counsel or the Court prior to distributing notice and consent forms. It is settled law in this Circuit that *HN2* Plaintiff must provide notice to the Defendant prior to distributing notice and consent forms in FLSA actions under 29 U.S.C. § 216(b). See Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982) (holding it is improper for the plaintiff to issue notice and consent forms "without first communicating to the defendant's counsel his intention to do so, so that **[*5]** the defendant's counsel would have an opportunity to verify the accuracy of the notice and, if he wished, to move for an order amending the notice or limiting its distribution in an appropriate manner."). Plaintiff's ignorance of this requirement is somewhat understandable as the Seventh Circuit, in Woods, could not "find any express basis in rule or statute" for the requirement of providing notice; instead, the requirement is "inferred" from the statute and Rule 83 of the Federal Rules of Civil Procedure, which permits courts to regulate their own practice consistent with the other federal rules. Id. Nevertheless, the rule is more than twenty years old now, and Plaintiff should have followed it.

Plaintiff was not required, however, to seek leave of the court prior to distributing the notice and consent forms. Although many courts have implemented this practice, it is not required

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 14669 Page 4 of 6

Case 1:08-cv-01091 Document 28-7 Filed 07/11/2008 Page 5 of 7

in FLSA cases. Indeed, the ideal scenario from the Court's perspective would have the parties agreeing on the form and content of these notice and consent forms. For failing to notify the Defendant prior to distribution, however, Plaintiff will be required **[*6]** to amend the notice and consent form to bring them both into compliance with the requirements of this opinion.

**B. Defendant's Objections to the Content of the Notice**

Defendant contends that the notice of the lawsuit that Plaintiffs provided to the potential plaintiff class was false and misleading. Defendant specifically complains that the notice "does not accurately advise potential plaintiffs of the issues in the complaint; their rights with respect to joining the lawsuit; the impact of joinder on their potential claims; and their right to choose [separate] counsel." (Def. Mot. at 1-2.)

Plaintiff provided notice to other potential plaintiffs in the June 2004 newsletter of the Fraternal Order of Police, the FOP News. The Court has reviewed the notice in its entirety. [1] Defendant's general objection to the notice, that it is "false and misleading," is not well-founded. The notice may not include some information that the Defendant believes is important, but it is neither false nor misleading. The Court also rejects Defendant's contention that the notice as provided does not accurately advise potential plaintiffs of the issues in the lawsuit. The Complaint alleges that the **[*7]** City has been illegally denying police officers' requests for compensatory time. The notice explains the Plaintiff's view of that practice in plain and simple terms. Nothing further is required.

**FOOTNOTES**

1 The FOP News included a longer narrative description of the lawsuit as well as a shorter description of the lawsuit above the consent form. The shorter description reads as follows:

> On May 10, 2004, a lawsuit was filed by our Lodge attorneys alleging that the City of Chicago has violated the Fair Labor Standards Act by refusing to grant compensatory time. Any officer that has requested to use compensatory time within the last three years and has been denied may join the lawsuit as a plaintiff. Federal law does not allow this lawsuit to proceed as a class action. All officers that wish to join in the action must fill out the consent form that appears below and return it to the Lodge.
>
> A similar lawsuit brought by Milwaukee police officers named better than 1,800 officers as plaintiffs. The Fair Labor Standards Act requires that when a timely request to use compensatory time is made, the Police Department can only deny the request if it can demonstrate that granting the request would cause an "undue disruption" in service. It is our contention that the Department has been denying the compensatory time requests illegally.
>
> This consent form will only appear in this issue and next month's issue of the newsletter. The Lodge urges all officers that have been denied the use of comp time to join in the action by filling out the form and sending it to us. The use of comp time is a pervasive problem throughout the Department. If we are going to be successful in making real changes, we need your help.

**[*8]** Defendant also contends that the notice fails to notify the potential plaintiffs of the impact of joinder on their claims. In traditional class actions, such a notice is necessary

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 14669    Page 5 of 6

Case 1:08-cv-01091    Document 28-7    Filed 07/11/2008    Page 6 of 7

because failure to join the suit can preclude a potential plaintiff from ever bringing a claim. Representative actions under Section 216(b) of the FLSA, however, are not traditional class actions. HN3⨁Failure to join a representative action under Section 216(b) does not affect a plaintiff's right to bring an action in the future. In these cases, it is not required to inform the class of potential plaintiffs of the impact of joinder on their claims in the notice of a lawsuit.

Defendant's remaining two objections to the content of the notice are that it does not inform the potential plaintiffs of their rights with respect to joining the lawsuit nor of their ability to choose separate counsel. These objections are well grounded. Both of these pieces of information should be included in the notice to provide potential plaintiffs with an understanding of their full panoply of rights, including their right to select separate counsel, their right to bring a separate action, and their right not to sue.

### C. Defendant's [*9] Objections to the Consent Form

Defendant contends that the consent form Plaintiff provided to potential plaintiffs is inaccurate and misleading because it does not state the issues presented by the lawsuit. Defendant also complains that the consent form does not allow potential plaintiffs to elect separate counsel.

As to the latter objection, the consent form should allow potential plaintiffs to elect separate counsel. It imposes a *de minimus* burden on Plaintiff to allow potential plaintiffs to elect their representative on the consent form. This provides appropriate respect to the potential plaintiffs right to elect counsel of their own choosing in this case. With respect to the former objection, the consent form is not required to state all the issues presented by the lawsuit. All the consent form is required to do is clearly express the individual's consent to be a plaintiff in the lawsuit.

Although the Defendant does not mention it specifically, the consent forms Plaintiff has distributed are additionally insufficient because they do not mention this lawsuit by name or by number. The consent of potential plaintiffs to join this lawsuit must be specific to the lawsuit [*10] currently pending before this Court. The final consent forms must include the case number and the case name.

### D. Defendant's Proposed Notice and Consent Forms

Defendant has provided the Court with an alternative notice form that it would like the Plaintiff to use when notifying other potential plaintiffs. Although Defendant's proposed notice and consent forms would be adequate, the Court will not order the Plaintiff to use the Defendants' proposed forms. HN4⨁"The Court has both the power and the duty to ensure that the notice is fair and accurate, [but] that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary." King v. ITT Continental Baking Co., 1986 U.S. Dist. LEXIS 29321, No. 84 C 3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986) (Rovner, J.). There are myriad minor variations in the presentation of information that might make a difference to the parties in the case. As one example, the Plaintiff may want to generate the notice on the stationery of its law firm rather than a page headed with a formal case caption. The only thing that matters to the Court is that the notice of lawsuit and consent form convey accurately and fairly all the necessary [*11] information at this stage.

Plaintiff also makes the bizarre contention that the Defendant's forms refer to a retaliation claim "that does not appear in the pleadings." (Pl. Resp. Def. Mot. Strike at 4.) Plaintiff's Complaint alleges that defendant "retaliated against some who asserted rights under the FLSA and thereby intimidated others from asserting similar rights." (Comp. P3.) Defendant seeks to "accept Plaintiff's response as a motion to withdraw his claim of retaliation." (Def. Reply Mot. Strike at 4.) Defendant's suggestion is not the way this Court prefers to do business. Any party seeking to change the content of its pleadings must do so clearly and in

writing.

## III. CIVILITY

At this stage, this case is still in its infancy. The distribution of notice and consent forms in FLSA cases is a relatively straightforward matter. Nevertheless, the submissions of both sides demonstrate that somehow they have each managed to whip themselves into a froth over it. Plaintiff accuses the Defendant of filing a frivolous or immaterial motion as a delay tactic. (Pl. Resp. Def. Mot. Strike at 1, 3.) Defendant accuses the Plaintiff of disingenuousness. (Def. Rep. Mot. Strike at 4, [*12] 7.) This level of rancor is entirely unnecessary and can only delay the disposition of this case. In future submissions to this Court, the parties would be well-advised to focus more of their attention on the factual and legal issues presented and less of their attention on placing barbs under the skin of their opponent: such barbs can find their way under the skin of the Court.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike Plaintiff's Notice and Consent Forms is granted.

**David H. Coar**

**United States District Judge**

**Dated: July 29, 2004**

　　Service: **Get by LEXSEE®**
　Citation: **2004 U.S. Dist. LEXIS 14669**
　　　View: Full
Date/Time: Wednesday, July 9, 2008 - 7:30 PM EDT

\* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
△ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
[A] - Citing Refs. With Analysis Available
[I] - Citation information available
\* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.