UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENEENE D. ERVIN, ELIZABETH L. DYE and DAWN HARDY, on behalf of themselves and all other persons similarly situated, known and unknown, ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 08 C 1091 |
| v. ) ) | Judge Guzman |
| OS RESTAURANT SERVICES, INC., d/b/a OUTBACK STEAKHOUSE, ) ) ) | Magistrate Judge Denlow |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR RECONSIDERATION OF THE COURT'S ORDER
BARRING PLAINTIFFS' COUNSEL FROM
COMMUNICATING WITH THE PUTATIVE CLASS**

Plaintiffs, by their counsel, hereby move this Court for reconsideration of the Court's July 15, 2008, Order barring Plaintiffs' counsel from communicating with witnesses and/or putative class members unless agreement is reached with Defendant's counsel as to the form and manner of that communication, or until further order of the Court. Because the parties are at impasse with respect to any agreement as to the form and manner of communications with putative class member, Plaintiffs now seek a further order from the Court based on controlling Supreme Court and Seventh Circuit authority. In support, Plaintiffs state as follows.

I. Introduction

This is a wage and hour case brought under federal and state law. The Complaint alleges, *inter alia,* violations of the minimum wage provisions of both the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq,,* and the Illinois Minimum Wage Law (IMWL). 820 ILCS

1

105/1, *et seq.* Consequently, Plaintiffs seek to represent classes of similarly-situated persons under both statutes; a collective action under the FLSA, 29 U.S.C. §216(b), Compl., Count IV; and a Rule 23 class action under the IMWL. Compl., Count I.

On July 15, 2008, Defendant filed a motion to enjoin Plaintiffs from providing notice to, soliciting or communication with putative class members until conditional certification. Defendant's motion and memorandum in support were replete with false and outlandish accusations that Defendant's counsel could not know, and made no effort to substantiate, including comments directed at the alleged intentions of Plaintiffs' counsel. What the moving papers did not include was any mention of controlling contrary authority of the Supreme Court, namely *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981).

That case holds that an order barring precertification communication between the parties or their counsel and potential class members without prior judicial approval was an abuse of discretion, and "involved serious restraints on [First Amendment] expression." *Id.* at 104. The Court further held that any order limiting communication must be based on specific factual findings and legal analysis that supports the need for the order, and then is carefully drawn to limit speech as narrowly as possible. *Id.* at 101-02.

Defendant's failure to include the central Supreme Court case on this issue in its motion was exacerbated at the presentment hearing when Plaintiffs' counsel attempted to bring the *Gulf Oil* case to the Court's attention. At that time, Defendant's counsel, Attorney McFetridge represented to the Court that *Gulf Oil* was a post-certification case. That is not true. The first of two communication bar orders was entered four days after Gulf Oil was served process. *Bernard, et al. v. Gulf Oil Co.*, 596 F.2d 1249, 1264 (5th Cir. 1979). The modified order was entered less than a month later. *Id.* In fact, the class was provisionally certified on January 24,

2

1983, a year and a half after the Supreme Court decision on June 1, 1981. *Bernard, et al. v. Gulf Oil Co.,* 890 F.2d 735, 736 (5th Cir. 1989).

Without accepting a brief in opposition from Plaintiffs, or making factual findings, the Court barred Plaintiffs from communicating with putative class members, absent the acquiescence of Defendant or further order of the Court.

Consistent with the instructions of the Court, Plaintiffs' counsel made a number of attempts to work out a protocol with Defendant's counsel that would address the Court's stated concern regarding the use of the term "class action" in Plaintiffs' letter to the putative class. (The Court indicated at the presentment hearing on Defendant's motion that Plaintiffs should not have used the term class action, since no class had been certified.) Plaintiffs' counsel ultimately proposed sending a short letter to all persons who received the initial letter, explaining that the matter had not been certified as a class. Ex. 1. Plaintiffs proposed waiting seven days for delivery of the letter, after which both Parties would be free to communicate with the putative class members, provided that such communication was sent to the other Party 10 days in advance of mailing. The other Party's review of the communication would be limited to insuring that it was not false or misleading. Oral communications would be discoverable, to the extent not privileged.

Defendant's last proposal insisted that it be the Party to send the "corrective" letter, which would be sent to those persons who responded to Plaintiffs' letter, or whom Plaintiffs would seek to communicate with hereafter. Finally, Defendant would not agree to provide a synopsis to Plaintiffs' counsel regarding communications it has had with putative class members.

Plaintiffs have attempted to comply with the Court's order by seeking an accord with Defendant. Defendant has been insistent on certain issues which are not, in Plaintiffs' view, required under controlling authority.

Because the Court's order does not reflect that controlling authority, Plaintiffs seek reconsideration. In complying with the Court's order, Plaintiffs and their counsel have been barred from informing potential class members of the existence of the case, and to obtain information from those persons necessary to develop the class action and merits of the case.

## II.  Standard

The Court may, *sua sponte* or on motion, correct clear errors of fact or law in an interlocutory order. *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D.Ill. 1995). Further, interlocutory orders may be reconsidered by a district court when to do so is "consonant with justice." *Id.*, citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir.1973). Reconsideration is also appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.*, citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983).

## III.  Argument

### A.  Plaintiffs, And Their Counsel, Have a Right to Communicate With Putative Class Members

Class actions serve an important role in the American system of civil justice. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981). Such cases vindicate the rights of individuals who might

not otherwise believe it worth the effort to litigate a claim.[1] *Id.* at 99 n.11, *quoting Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 338 (1980).

In class action litigation, the plaintiffs have a right to communicate with putative class members. *Gulf Oil*, 452 U.S. at 101-02; *Williams, et al. v. Chartwell Financial Servs., Ltd.*, 204 F.3d 748, 759 (7th Cir. 2000); *EEOC v. Mitsubishi Motor Mfg. of Am.*, 102 F.3d 869, 870 (7th Cir. 1996). While the district court has broad authority to control the conduct of the parties and counsel to prevent abuse, *Gulf Oil*, 452 U.S. at 100, that authority is not unfettered, and any limitation imposed by the district court must be narrowly drawn. *Id.* at 104. Futhermore, "the district court's decision as to the protective order must involve a careful balancing of the potential for abuse created by the class action and the right of the plaintiffs to contact potential class members." *Williams*, 204 F.3d at 759 *citing Gulf Oil*, 452 U.S. at 104. Accordingly, "an order limiting discovery communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil*, 452 U.S. at 101.

In April 1976, the Equal Employment Opportunity Commission and Gulf Oil entered into a conciliation agreement, which dealt with allegations of racial discrimination against African-American employees at Gulf's Port Arthur, Texas, plant. *Bernard, et al. v. Gulf Oil Co.*, 596 F.2d 1249, 1263 (5th Cir. 1979)(Godbold, j. *dissenting in part*)(in the *en banc* decision, the court of appeals adopted the fact statement of Judge Godbold, 619 F.2d 459, 463 (5th Cir. 1980)*(en banc)*). In the agreement, Gulf agreed to cease the allegedly discriminatory practices, and offered

---

[1] Class actions are particularly important to the public policy goals of remedial statutes like wage and hour laws, especially where governmental agencies charged with enforcement of these laws mishandle or delay meritorious cases, or neglect low-wage industries where abuses are prone to occur. *See* Steven Greenhouse, *Department Is Criticized On Dispute Over Wages*, N.Y. Times, July 15, 2008, at A13.

back pay to the affected current and former employees. *Id.* Gulf began contacting the affected employees. *Id.*

The following month, May 1976, six current and retired African-American employees brought a class action[2] against Gulf Oil and the Oil, Chemical and Atomic Workers' Union, alleging violations of Title VII and Section 1981 against black employees in hiring, pay, promotion, discipline, and a variety of other unlawful conduct. *Id.* The complaint alleged that the union was complicit in the discrimination. *Id.*

On May 22, 1976, a meeting was held at which the named plaintiffs, certain of plaintiffs' lawyers, and putative class members attended. *Id.* Two days later, on May 24, 1976, the complaint was served on Gulf Oil. *Id.* On May 27, 1976, Gulf filed a motion seeking to limit communication between the parties and their counsel and the putative class members. *Id.* The unsworn motion and accompanying brief asserted that one of plaintiffs' lawyers recommended to the class members at the meeting that they should not sign releases, pursuant to the conciliation agreement. *Id.* According to the Gulf motion, the lawyer also advised the class members that those who had received back pay checks from Gulf should send them back, because they could recover more through the lawsuit. *Id.* Gulf asserted in its motion that the statements of the lawyer violated ethical standards, that those statements would prejudice Gulf's defense of the lawsuit, and that a court order was necessary to prevent further such communications. *Id.* at 1263-64. Several iterations of order were entered barring the parties and their counsel from communicating with the putative class. *Id.* at 1264. In neither instance did the district judge

---

2   Notwithstanding the fact that no class had been certified (indeed, it was on appeal on the district court's grant of summary judgment to Gulf Oil), both the Fifth Circuit Court of Appeals and the Supreme Court referred to the case as a "class action." *Gulf Oil*, 452 U.S. at 92; *Bernard, et al. v. Gulf Oil Co.*, 619 F.2d 459, 463 (5th Cir. 1980)*(en banc)*. Defendant's objection to Plaintiffs' use of that term in the letter to the putative class is dealt with below.

make findings of fact. *Id.* The modified order, *id.* at 1258 n.9, specifically rejected the plaintiffs' assertion that such bars to communication were unconstitutional. *Id.*

The *en banc* decision of the court of appeals held that the district court bar on the parties or their counsel communicating with putative class members was an unconstitutional prior restraint. 619 F.2d at 467; 477-78. "The impact of the present order was direct and immediate . . . . The order cut off dialogue . . . It stopped investigation and discovery at a time when it is critical, just after suit has been filed." *Id.* at 469-70. The court further held that, because the order violated the First Amendment, it could not be an "appropriate order" under Rule 23. *Id.* at 478.

A unanimous Supreme Court affirmed the judgment of the court of appeals, and held that in issuing the communication bar order, the district court had abused its discretion. 452 U.S. at 103-04.

> In the present case, we are faced with the unquestionable assertion by respondents that the order created at least potential difficulties for them as they sought to vindicate the legal rights of a class of employees. The order interfered with their efforts to inform potential class members of the existence of this lawsuit . . . In addition, the order made it more difficult for respondents, as the class representatives, to obtain information about the merits of the case from the persons they sought to represent . . . Because of these potential problems, an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation *and the potential interference with the rights of the parties.*

*Id.* at 101 (emphasis added). Although the Court did not identify the First Amendment standards implicated in such class action cases, the Court observed "that the order involved serious restraints on expression." *Id.* at 104. "This fact, at a minimum, counsels caution on the part of a district court in drafting such an order, and attention to whether the restraint is justified by a likelihood of serious abuse." *Id.*

The Court's order here was based on Defendant's unsworn motion, and issued without a clear record or specific findings, and without affording Plaintiffs an opportunity to respond. The Court's order bars Plaintiffs and their counsel from communicating with putative class members to inform them of the existence of the case, and to obtain information from those persons necessary to develop the class action and merits of the case. Without any evidence of the likelihood of serious abuse as a result of such communication, the Court's order is an impermissible prior restraint, and infringes on the associational rights of both Plaintiffs and their counsel.

### B. Plaintiffs' Letter To Putative Class Members Is Not Improper

A district court may restrict certain communications in order to protect the integrity of the class action. *Equal Employment Opportunity Commission, et al. v. City of Joliet*, 239 F.R.D. 490, 494 (N.D. Ill. 2006)(Guzman, j.). As noted above, the district court may not do so, however, in the absence of specific record demonstrating the particular abuses extant or threatened. *Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir. 1977) *cert. denied* 434 U.S. 589 (1977).

> Moreover, the district court must find that the showing provides a satisfactory basis for relief and that the relief sought would be would be consistent with the policies of Rule 23 giving explicit consideration to the narrowest possible relief which would protect the respective parties. Imposition of an order on anything less than a clear showing of particularized need removes it from the area of discretion unreviewable by mandamus.

*Id.*

In this case, not only was there no specific record demonstrating any abuse by Plaintiffs' counsel, but the investigatory letter that Plaintiffs' counsel sent witnesses and putative class members alike was entirely permissible.

### 1. The Letter Is Not False Or Misleading

8

As explained by *Chartwell Financial, Mitsubishi Motor* and similar cases following on *Gulf Oil*, communications from a party to the putative class are not required to be balanced or complete. That is, in part, because each side can send its own communication. *See Mitsubishi Motor,* 102 F.3d at 870 ("As is its right, each side sent a communication to the class members."). Instead, the communication need only be truthful, not misleading, and not intended to subvert the Rule 23 procedure.

### a. Use of the term "class action" is Not Inaccurate

Defendant asserts that Plaintiffs' letter (what Defendant seems pleased to call "notice") is misleading and prejudicial because it "incorrectly represents" that a "class action is proceeding," though no class has been certified. Def.'s Mem. Supp. Mot. Enjoin, at 2. At the presentment hearing, the Court focused on Plaintiffs' use of the 'class action' phrase.

Plaintiffs' letter is in no way false, misleading or abusive. With regard to the use of the phrase "a class action is proceeding," that is true. As noted above, the Supreme Court referred to the *Gulf Oil* lawsuit as a class action, even though the class had not been certified.[3] 452 U.S. at 91. "This is a class action . . . We granted a writ of certiorari to determine the scope of a district court's authority to limit communications from named plaintiffs and their counsel to *prospective class members, during the pendency of a class action.*" *Id.* (emphasis added). Clearly, the Supreme Court believed that a class action was pending, even if the class had yet to be certified.

The same is true here. Even at the time of filing the action, Plaintiffs were required to identify the case as a "class action" in the Northern District of Illinois civil cover sheet. Plaintiffs' description of the lawsuit as a "class action" case was not inaccurate and certainly not misleading.

---

3   A provisional class was certified in *Gulf Oil* on January 24, 1983: 18 months after the Supreme Court's ruling. *Bernard, et al. v. Gulf Oil Co.,* 890 F.2d 735, 736 (5th Cir. 1989)

9

### b. The Letter Is Not "Notice"

Defendant claims that Plaintiffs' letter is a "notice" under the class action procedure of Rule 23 and the collective action procedure under 29 U.S.C. §216(b), and fails to provide the recipient with information to make an informed decision. Defendant is wrong. The letter is not "notice." Defendant's game is to mischaracterize a communication wholly permissible under *Gulf Oil* as "notice" under one or both procedures, and then savage it as deficient.

As Defendant itself notes, class action notice sets out a balanced recitation of the lawsuit, informs class members of their rights, and explains how those rights can be protected. Def.'s Mem. Supp. at 5, *quoting Erhardt v. Prudential Group, Inc.*, 529 F.2d 843 (2d Cir. 1980). Defendant is correct that Plaintiffs' letter does not provide any of that information, but it does not seek to, and does not purport to be class action notice.

Similarly, Plaintiffs' letter is not notice under the collective action procedure of the Fair Labor Standards Act. 29 U.S.C. §216(b). The Act requires similarly-situated persons to affirmatively join the lawsuit by filing a consent to join with the court. *Id.* The cases Defendant cites regarding notice and consent forms under Section 216(b) address direct efforts by the plaintiff to request similarly-situated persons to opt in. *See e.g., Heitmann v. City of Chicago*, No. 04 C 3304, U.S. Dist. LEXIS 14669, * 4-5 (N.D. Ill. Jul. 30, 2004). In *Heitmann*, the plaintiff sent notice and consent forms to potential plaintiffs without providing copies to the defendant or seeking leave of court. *Id.* The court indicated that the plaintiff should have followed the rule providing advance notice or leave, even though the court noted that the Seventh Circuit had concluded that there was really no basis in the law but "inferred" a requirement from the statute and Rule 83. *Id.*

Plaintiffs' letter does not solicit consents to join the case, and a consent form was not supplied to recipients of the letter.

## IV. Conclusion

Were Plaintiffs to adopt the style of Defendant's motion and memorandum, they would ascribe all sorts of unsavory, but unsupportable, motives as to why Defendant failed to cite controlling, contrary Supreme Court authority. It is enough to say that that failure is troubling.

The *Gulf Oil* decision makes absolutely clear that class action parties and their counsel have a right to communicate with putative class members, and that an order restricting such communications may be constitutionally invalid unless it is based on a clear record demonstrating abuse of the class action procedure, and then only if the order is narrowly tailored. Because the Court's July 15, 2008 Order was neither based on a factual record nor narrowly tailored, Plaintiffs ask that it be vacated.

WHEREFORE, Plaintiffs request that the Court reconsider its order barring Plaintiffs and their counsel from communicating with putative class members, withdraw that order, and grant such further relief as is just and proper.

Date:   August 5, 2008

                                                            Respectfully submitted,

                                                            s/Douglas M. Werman
                                                           One of Plaintiffs' Attorneys

Douglas M. Werman
Maureen A. Bantz
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
(312) 360-0960

Attorneys for Plaintiffs

# EXHIBIT 1

August 5, 2008

«AddressBlock»

RE:   *Ervin, et al. v. OS Restaurant Servs., Inc., dba Outback Steakhouse,*
      08 CV 1091

«GreetingLine»

This is a follow-up to the letter dated July 2, 2008 that you may have received from our office regarding the captioned lawsuit against Outback Steakhouse. First, although the case against Outback Steakhouse was filed as a class action, it has not been certified by the Court as such. Instead, Plaintiffs are still investigating their claims, and the Court will ultimately decide whether the allegations in the lawsuit are appropriate for class action or collective action, treatment. Second, you have no obligation to contact our office in response to this letter. Rather, the purpose of us contacting you is limited to our investigation of the allegations asserted in the lawsuit

Sincerely,

Douglas M. Werman

cc:   Jamie G. Sypulski, Esq.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the following **Plaintiffs' Memorandum In Support of Plaintiffs' Motion for Reconsideration of the Court's Order Barring Plaintiffs' Counsel from Communicating with the Putative Class** was served via electronic mail on August 5, 2008 on:

Nadine C. Abrahams
Jane M. McFetridge
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, IL 60610

s/Douglas M. Werman
Douglas M. Werman