# EXHIBIT 3



77 West Washington Street
Suite 1402
Chicago, Illinois 60602

**Werman**
LAW OFFICE P.C.

Tel: (312) 419-1008
Fax: (312) 419-1025
www.flsalaw.com

July 15, 2008

***Via Electronic Mail***
Jane M. McFetridge
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, IL 60610

Re:   *Ervin v. OSI*

Dear Ms. McFetridge:

This is a follow-up to this morning's court appearance.

We reviewed the Supreme Court's decision in *Gulf Oil*. Contrary to your representation to Judge Guzman, the communications in *Gulf Oil* were pre-certification 452 U.S. 89, 91-92 (1981). The Court held that the "mere possibility of abuse does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules." *Id.* at 104; *See Williams vs. Chartwell Financial*, 204 F.3d 748, 759 (7th Cir. 2000)("The Plaintiffs have a right to contact members of the putative class and any discovery limitations should be carefully drawn.")(internal citations omitted). As these cases make plain, we do have a right to contact putative class members, and we respectfully disagree with Judge Guzman's statement that we should not have done so.

Nonetheless, we understand the Court's order and direction. Thus, we ask that you agree to the form of the letter attached hereto to send to potential class and collective action members. We will resume speaking with potential class and collective action members five days after the follow-up letter is mailed.

We also again ask that you provide us a copy of the prepared statement that Bob Irons gave to employees on Saturday, July 12, 2008. We intend to address his misstatements in our letter to employees.

If you have suggested or proposed changes to make to the letter, we ask that you contact us no later than close of business tomorrow. If we do not hear from you by close of business tomorrow,

Jane M. McFetridge
July 15, 2008
Page 2

or if our discussions about the form of the letter reach impasse, we will file a motion with the Court.

Very truly yours,

Douglas M. Werman

DMW/ms
cc:   Jamie G. Sypulski
      Maureen A. Bantz
      Eugene Hollander

July 15, 2008

«AddressBlock»

RE: *Ervin, et al. v. OS Restaurant Servs., Inc., dba Outback Steakhouse,*
08 CV 1091

«GreetingLine»

This is a follow-up to the letter dated July 2, 2008 that you may have received from our office regarding the captioned lawsuit against Outback Steakhouse. First, although the case against Outback Steakhouse was filed as a class action, it has not been certified by the Court as such. Instead, Plaintiffs are still investigating their claims, and the Court will ultimately decide whether the allegations in the lawsuit are appropriate for class action or collective action, treatment. Second, you have no obligation to contact our office in response to this letter. Rather, the purpose of us contacting you is limited to our investigation of the allegations asserted in the lawsuit

You received this letter because you were identified as a person who worked as a tipped employee in an Outback Steakhouse restaurant in the recent past. The lawsuit seeks to recover owed back wages for persons employed as tipped employees and other hourly workers. A 'tipped employee' is a person working as a server, host/hostess, bartender, or similar position.

Specifically, the lawsuit alleges the following:

> **Tipped Employees Were Regularly Required to Perform Non-Tipped Duties**
> Plaintiffs allege that tipped employees were regularly assigned to perform non-tipped work, like restaurant cleaning, opening and closing, trash removal and food preparation, but still paid the reduced tip-credit rate rather than full minimum wage.

> **Nonpayment of Off-The-Clock Time**
> Plaintiffs allege that hourly workers were required to work off-the-clock and not compensated for that time.

> **Nonpayment of Overtime**
> Plaintiffs allege that, because tipped employees were not paid the lawful hourly rate, any overtime they worked would likewise not have been paid at lawful regular rate.

The Court has not yet made any decision on the merits of the lawsuit and Outback has denied the allegations of the Complaint.

We would like to speak to you about the circumstances of your employment at Outback Steakhouse, including whether you worked in multiple locations. Your input will help us develop certain facts for the lawsuit, and help determine whether you have a claim for owed back wages. It is important for you to understand that it is unlawful for Outback to take any kind of retaliatory action against you for contacting our office to discuss the lawsuit.

You can write to the above address, or you can call 312/419-1008 to provide us information, to ask questions or to learn additional information about the lawsuit.

Thank you for your assistance.

                              Sincerely,

                              Douglas M. Werman

cc:    Jamie G. Sypulski, Esq.