# EXHIBIT 4

## McFetridge, Jane M. (CHI)

| | |
|---|---|
| From: | McFetridge, Jane M. (CHI) |
| Sent: | Friday, July 18, 2008 4:58 PM |
| To: | Douglas M. Werman |
| Cc: | Jamie Sypulski; Maureen Bantz; Abrahams, Nadine C. (CHI); DeCamp, Paul (DC) |
| Subject: | RE: Ervin |

Doug:

I tried calling you and was advised that you were in a meeting. I left you another voicemail message but, in light of the difficulty we are having connecting, I thought it advisable to put our position in writing.

We do not believe it is appropriate for you to send yet another letter to current and former Outback employees. Regardless of how you characterize your prior actions, both the Court and we believe them to be inappropriate under the circumstances. Allowing you to send yet another letter – particularly one such as you have proposed – would simply be rewarding bad behavior. In addition to creating an unnecessary and inappropriate maelstrom among Outback's existing employees, your original correspondence contained inaccurate representations which negatively affected Outback's goodwill with current and prior employees, and very likely goodwill in the communities in which Outback operates (employees and prior employees are also customers and they certainly speak with Outback customers). A second letter such as you propose will simply exacerbate that situation and unfairly prejudice Outback's ability to defend the case.

In light of the foregoing, we propose, at a minimum, taking the following steps:

1) You need to provide us copies of the letter(s) that were sent (in the event there was more than one form letter that went out), as well as the list of the recipients of the communication(s), including the addresses to which the correspondence was sent and the date on which the correspondence was sent.
2) You need to provide us with a list of the recipients of the letter(s) with whom you or your colleagues have had any subsequent contact, as well as anyone who contacted you or your colleagues (or whom you or your colleagues contacted) as a result of the letter(s) that you sent.
3) Outback will then send correspondence to those individuals. I anticipate the correspondence will have some but certainly not all of the same components of the correspondence you now propose to send. We will provide you with a draft of the correspondence for your review. We will work together to mutually agree to the content of the letter.
4) Before you have any further communications with the recipients of your letter, you will need to provide us with a list of people who have contacted you in either direct or indirect response to your original correspondence (i.e., if someone called you because they heard about the letter from a direct recipient, they would be included in the list, in addition to those direct recipients who contacted you). A corrective letter, that we mutually agree to (probably the same as the one agreed to in #2 above) will be sent to these people – perhaps in a more expedited fashion than the one going out to the group at large. We are not suggesting that anyone get more than one letter from Outback – just recognizing that certain people will need to get theirs sooner than others, in order to be fair to the plaintiffs.
5) Until such time as Outback's letters go out and for a reasonable delivery period thereafter, you will not have discussions with anyone who contacts you as a result of your original letter. If you are contacted by someone from the list before the Outback letters go out, we will have an agreed upon script for you to use in response to such calls, basically telling the caller that you can't speak to them just yet but will call them back in the near future. You then tell us of the call, Outback will send the person who called the letter we have agreed to, and after a designated period of time, you will be free to return that person's call.

We are still examining the situation to determine how best to undo the harm caused by your premature notice and solicitation. There may be other steps that are necessary to address the situation, and we welcome the chance to meet and confer with you in that regard.

We are very hopeful that we can resolve these issues amicably without having to involve the Court. I am available Monday morning to discuss this matter with you.

Jane McFetridge
Partner
Jackson Lewis LLP
320 W. Ohio Street, Suite 500
Chicago, Illinois  60654

*Please note our new zip code.*

312.274.6308 | Direct
312.787.4995 | Fax

mcfetrij@jacksonlewis.com

www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:**  This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please immediately return it to the sender and delete it from your system.  Thank you.

 *Please consider the environment before printing this email.*

---

**From:** Douglas M. Werman [mailto:dwerman@flsalaw.com]
**Sent:** Friday, July 18, 2008 12:21 PM
**To:** McFetridge, Jane M. (CHI)
**Cc:** Jamie Sypulski; Maureen Bantz; Abrahams, Nadine C. (CHI)
**Subject:** Ervin

Jane: I recognize that we traded several voicemail messages yesterday regarding the *Ervin* matter and the form of a possible "notice" to send to current and former employees of your client. I telephoned you early this morning about this same issue and have not hear from you.

We have made clear that although we understand and fully intend to comply with the Court's July 17, 2008 directions from the bench (although he has yet to issue an Order), we do not believe his comments reflect our right to communicate with witnesses and putative class members as spelled out by the U.S. Supreme Court and Seventh Circuit. Because of the importance of this issue, absent our resolution of the parties' concerns today, we intend to file a motion and seek a corrective order from the Court.

Doug Werman

Douglas M. Werman | Werman Law Office, P.C.
77 W. Washington | Suite 1402 | Chicago, Il. 60602
(tel) 312.419.1008 | (fax) 312.419.1025
e-mail: dwerman@flsalaw.com | website: www.flsalaw.com

3