# EXHIBIT 8

**From:** Douglas M. Werman [mailto:dwerman@flsalaw.com]
**Sent:** Wednesday, July 30, 2008 1:18 PM
**To:** DeCamp, Paul (DC)
**Cc:** McFetridge, Jane M. (CHI); Maureen Bantz; Jamie Sypulski; Abrahams, Nadine C. (CHI); Gene Hollander
**Subject:** Re: Ervin v. OSI

Paul: This is in response to your July 25, 2008 email. I appreciate your efforts and offer to resolve the parties' dispute over the method and manner of future communications with witnesses and putative class members. However, we do not believe that your most recent proposal is consistent with applicable case authority. We again suggest that both parties, Plaintiffs and Defendants, be permitted to communicate with witnesses and the putative class; that any such written communication would be sent to the other party 10 days in advance of mailing, for that party's limited review; that if that party asserts a statement in the communication is false or misleading, the parties would work to reach an agreement; and the Court would decide any disputes.

We previously provided you a proposed 'curative' letter. Again, the letter would be sent to all addressees of our first letter. Defendant may, of course, send its own letter after our review and consistent with the procedure set forth above.

If you will not agree to this proposal, then we believe the parties have reached impasse. Please let me know by close of business tomorrow, July 31, 2008. Thanks.

Doug Werman


*"DeCamp, Paul (DC)" <DeCampP@jacksonlewis.com>* wrote:
Doug:
   This is in response to your July 23 e-mail to Jane McFetridge.
   The Court stepped in and issued its ruling not only because you mischaracterized the case as a class action, but also because of your premature notice and solicitation of opt-in plaintiffs. The Court instructed the parties to work together to figure out how best to unring that bell. Given that backdrop, we do not believe that it is appropriate for you to be rewarded with a second bite at the apple by sending yet another letter to these same individuals.
This case is completely unlike the *Gulf Oil* or *Chartwell Financial Services* cases you cite in your July 15 letter. In those cases, the district court entered a broad protective order based on either no factual findings or an ambiguous record, and there was no indication of misconduct by counsel for the putative class. Here, by contrast, your actions severely tainted this whole process. Both *Gulf Oil* and *Chartwell Financial Services* expressly recognize that class actions present the potential for abuse and that under appropriate circumstances a court may impose restrictions on counsel's communications with potential class members. That is exactly what the Court did here.
   For those who received your letter but chose not to contact you, and whom you have chosen not to contact, there is no need to confuse or to burden them further with another letter.

1

For those who received your letter and contacted you, or contacted you as a result of someone else receiving the letter, Outback should be the party to send the corrective letter. We would be glad to work with you on the substance of that letter.

For those who received your letter and whom you have subsequently contacted, Outback should likewise send its corrective letter.

Going forward, before you contact anyone who originally received your letter or who has come to your attention as a result of the letter, Outback should send its corrective letter to those individuals.

This approach balances your interest in communicating with witnesses against the harm you already caused by jumping the gun and seeking opt-ins before any class was certified. It ensures that before you speak with witnesses, they receive a balanced picture of this case that rectifies your improper initial communication so that they are not confused.

Your comments regarding Outback's internal communications with its employees fail to appreciate the completely different contexts here. You sent a letter that the Court has determined violated the rules governing these kinds of cases. As a result, a number of Outback employees have been discussing this case in the workplace. Outback clearly has a right to speak with its employees under the circumstances, and Outback has broken no rules. Outback did not solicit opt-ins or refer to the case as a class action. You imply that Outback has somehow misled its employees, but at the same time you concede that you do not know what was said, even though your client was present when the matter was discussed. Of course, we agree that such a communication is discoverable, and we will produce it upon receiving an appropriate discovery request.

I hope that the parties can come to agreement on these issues. It would be unfortunate to have to burden the Court with this matter a second time.

Sincerely,
Paul
Paul DeCamp
Attorney at Law
Jackson Lewis LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia  22182
703.821.4338 | Direct
703.821.2267 | Fax
703.309.3229 | Cell
On 8/18/2008, we will be moving to:
10701 Parkridge Blvd.
Suite 300
Reston, VA  20191
703.483.8300 | New Tel.
703.483.8301 | New Fax.
DeCampP@jacksonlewis.com
www.jacksonlewis.com
**Representing management exclusively in workplace law and related litigation.**
**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

Douglas M. Werman | Werman Law Office, P.C.
77 W. Washington | Suite 1402 | Chicago, Il. 60602
(tel) 312.419.1008 | (fax) 312.419.1025
e-mail: dwerman@flsalaw.com | website: www.flsalaw.com