Order Form (01/2005)

Case 1:08-cv-00636   Document 61   Filed 07/23/2008   Page 1 of 2

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 636 | **DATE** | 7/23/2008 |
| **CASE TITLE** | Cristobal Garibay, et al. vs. Garden Fresh – Mount Prospect, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, the Court denies defendants' motion to strike and dismiss [doc. no. 18].

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

Cristobal Garibay, Rodrigo Alvarenga and Carlos Gonzales have sued Garden Fresh – Mount Prospect, Inc., Garden Fresh – Arlington Heights, Inc., Garden Fresh Fruit Market, Inc. and Adi Mor for their alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1, *et seq.*

Defendants ask the Court to strike plaintiffs' IMWL class allegations pursuant to Rule 12(f), which permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and will be granted only if the movant "show[s] that the [contested] allegations . . . have no possible bearing upon the subject matter of the litigation" and are prejudicial to him. *Black v. Long Term Disability Ins.*, 373 F. Supp. 2d 897, 904 (E.D. Wis. 2005). Defendants say the state class allegations should be stricken because allowing plaintiffs to pursue a FLSA opt-in class action and a Rule 23(b) state law opt-out class action simultaneously would "subvert Congress's intent to limit [FLSA] wage actions to . . . employees [who] affirmatively 'opt-in.'" (Mem. Law Supp. Defs.' Mot. Strike & Dismiss at 4.)

There are, as the Court has previously noted, sound policy reasons for denying certification of a Rule 23 state class claim when it is combined with a FLSA class claim. *See Riddle v. Nat'l Sec. Agency, Inc.*, No. 05 C 5880, 2007 WL 2746597, at *3-4 (N.D. Ill. Sept. 13, 2007) (adopting recommendation to deny certification of state claims in a FLSA class action because: (1) doing so would thwart Congressional intent; (2) the FLSA opt-in class was likely to be dwarfed by the Rule 23 class, eviscerating the rationale for exercising supplemental jurisdiction over the latter; and (3) putative class members would likely be confused by a notice that set forth both the procedure for opting into and out of the suit). But, until class discovery is completed and plaintiffs have defined the putative classes in a certification motion, the Court cannot know whether these concerns are implicated by, or should control the outcome of, the certification issue in, this case. Thus, though defendants may have a sound basis for opposing a motion for class certification in the future, they have not demonstrated that striking the state class allegations is appropriate at this time.

Defendants also ask the Court to dismiss pursuant to Rule 12(b)(6), the FLSA claims plaintiffs assert against Garden Fresh Fruit Market, Inc. On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but plaintiff must make sufficient "[f]actual allegations . . . to raise [her] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted). These claims should be dismissed, defendants say, because the complaint establishes that plaintiffs were not employed by Garden Fresh Fruit Market, Inc.

The Court disagrees. As defendants point out, the exhibits to the complaint identify plaintiffs' employers as Garden Fresh – Mt. Prospect, Inc. or Garden Fresh – Arlington Heights, Inc. (*See* Compl., Exs. B-D, Pls.' Pay Stubs.) Plaintiffs also allege, however, that all of the defendants operate the Garden Fresh Markets listed in paragraph thirteen of the complaint "as a unified operation and a common enterprise, with a common business purpose." (*Id.* ¶ 14.) In addition, plaintiffs allege that the stores use the same suppliers, are owned by the same people and entities, share employees, and have a common payroll system. (*Id.*) These allegations are sufficient, at this stage, to assert that all defendants, including Garden Fresh Fruit Market, Inc., jointly employ plaintiffs for purposes of the FLSA. *See Karr v. Strong Detective Agency, Inc.*, 787 F.2d 1205, 1207-08 (7th Cir. 1986) ("[A] joint employment relationship will be considered to exist . . . : '(1) Where there is an arrangement between the employers to share the employee's services . . . ; or (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.'" (quoting 29 C.F.R. § 791.2(b) (footnotes omitted)).

Defendants' motion to strike and dismiss is denied.