IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DENEENE D. ERVIN, ELIZABETH L. DYE and DAWN HARDY, on behalf of themselves and all other persons similarly situated, known and unknown,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | 08 C 1091 |
| v. | ) ) | Judge Ronald A. Guzmán |
| **OS RESTAURANT SERVICES, INC., d/b/a OUTBACK STEAKHOUSE,** | ) ) ) ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have sued OS Restaurant Services, Inc., d/b/a Outback Steakhouse ("Outback") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/1, *et seq*. The Court referred plaintiffs' motion for class certification to Magistrate Judge Denlow, who issued a Report and Recommendation ("R&R") to which both plaintiffs and defendant have objected. For the reasons set forth below, the Court rejects plaintiffs' and defendant's objections and adopts the R&R in its entirety.

## Discussion

The Court reviews *de novo* the portions of a magistrate judge's ruling on a motion for class certification to which a party objects. 28 U.S.C. § 636(b)(1); *see Harper-Wyman Co v. Conn. Gen. Life Ins. Co.*, No. 86 C 9595, 1991 WL 18467, at *1 (N.D. Ill. Feb. 8, 1991). The

court may "accept, reject, or modify" the R&R, "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

Magistrate Judge Denlow recommends that plaintiffs' motion for class certification be: (1) denied without prejudice with respect to plaintiffs' IMWL and IWPCA claims for unpaid overtime and defendant's failure to pay minimum wage; and (2) granted with respect to plaintiffs' FLSA claim for defendant's failure to pay minimum wage. Plaintiffs contend that this Court should reject the first recommendation, while defendant argues that the Court should reject the second recommendation.

To obtain certification of a class, a plaintiff must satisfy the four elements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *See* Fed. R. Civ. P. 23. Once these four elements are satisfied, a plaintiff must satisfy at least one of the requirements of Rule 23(b). *Herman v. Cent. States Se. & Sw. Areas Pension Fund*, No. 03 C 1010, 2003 WL 21673949, at *2 (N.D. Ill. July 17, 2003). Here, plaintiffs alleged that they satisfy Rule 23(b)(3), which is met where "questions of law or fact common to class members predominate over any questions affecting only individual members, and [where] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Magistrate Judge Denlow recommends that this Court deny certification of the IMWL and IWPCA claims because of the incompatibility of Rule 23's opt-out feature and the FLSA's opt-in feature. (*See* R&R 26-29.) Plaintiffs object to Magistrate Judge Denlow's recommendation and argue that a class action is the superior method of adjudicating the state law claims because it would be both efficient and economical. (*See* Mem. Supp. Pls.' Mot. Class Cert. 12-13.)

2

While the plaintiffs are correct in stating that judicial economy and efficiency are factors in deciding whether superiority exists, they simply fail to address the incompatibility between the Rule 23 class certification of state law claims and the certification of FLSA claims.  (*See* R & R at 26-29.)

Under Rule 23, all eligible class members are included in the suit unless they choose to "opt out" of the action.  *Vanskike v. Peters*, 974 F.2d 806, 812-13 (7th Cir. 1992).  Conversely, an individual does not become a class member in an FLSA suit "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  Congress added this "opt in" provision in 1947 in response to litigation involving plaintiffs with no real personal interest in the case.  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989).  After the addition, claims were limited to plaintiffs who "asserted claims in their own right," thereby "freeing employers of the burden of representative actions."  *Id.*  Thus, there is a clear incompatibility between the "opt out" nature of a Rule 23 action and the "opt in" nature of a Section 216 action.

This Court has previously tackled the incompatibility issue as it relates to superiority under Rule 23.  In *Riddle v. National Security Agency, Inc.,* the plaintiffs brought suit under the IWPCA and FLSA.  No. 05 C 5880, 2007 WL 2746597, at *1 (N.D. Ill. Sept. 13, 2007).  In that case, this Court granted plaintiffs leave to provide notice of a collective action under Section 216(b) for the FLSA claim but denied class certification of the plaintiff's IWPCA claim.  *Id.* at *4, *10.  In denying class certification of the state law claim, the focus of the inquiry was on whether adjudicating the state law claim as a class action was the superior form of adjudication.  *Id.* at *3.

In *Riddle*, this Court first acknowledged the differing opinions within this district as to whether the FLSA and state law wage claims were incompatible. It found that in those cases where the court certified as class actions both the state law wage claim and FLSA collective action, the state law claims were originally brought in state court and removed to federal court by the defendant. *Id.* at *9. On the other hand, in the courts that refused to certify both a state law wage claim and an FLSA collective action, the state law claims were originally brought in federal court. *Id.* Origination of the suit is an important factor because of the difference between Rule 23's "opt-out" requirement and Section 216(b)'s "opt-in" requirement. In *Riddle*, the Court was concerned that such a difference would create a scenario in which "the Rule 23 class would likely dwarf the FLSA class, making the state law claims dominate the federal suit." *Id.* at *3. This result would undermine Congress' intent in enacting the FLSA's opt-in requirement by letting plaintiffs into federal court through the state law wage claims, even when plaintiffs did not take action to get there. *Id.* Here, the plaintiffs brought their IMWL and IWPCA claims in federal court rather than state court, thereby creating the potential for the scenario we were concerned about in *Riddle*.

Plaintiffs offer no argument to counter *Riddle* or its reasoning. Instead, they simply rely on their original filings, arguing that judicial efficiency and economy are justifications for superiority. (*See* Mem. Supp. Pls.' Mot. Class Cert. 12-13.) Given this Court's prior holding, it was proper for Magistrate Judge Denlow to follow *Riddle* and recommend that the incompatibility between Rule 23 and Section 216(b) precludes a finding of superiority with regard to the state law wage claims.[1]

---

[1] Under Rule 23, claims must meet the superiority *and* predominance requirements. *See* Fed. R. Civ. P. 23(b)(3). The conjunctive language means that failure of a plaintiff to meet one of the requirements precludes a court from granting class certification, regardless of the second

Magistrate Judge Denlow's second recommendation was to grant conditional certification for plaintiffs' FLSA claim. Collective action is appropriate under the FLSA when plaintiffs are "similarly situated." 29 U.S.C. § 216(b). The majority of courts in this district use a two-step approach when confronted with FLSA collective actions. *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003). In the first step, courts review the evidence and decide "whether there are allegations sufficient for the court to envision a scenario where the representative plaintiff and putative claimants are 'similarly situated.'" *Persin v. CareerBuilder, LLC*, No. 05 C 2347, 2005 WL 3159684, at *1 (N.D. Ill. Nov. 23, 2005). At this stage, plaintiffs need only make a "modest factual showing." *Flores*, 289 F. Supp. 2d at 1045. The "'modest factual showing' requirement is not a stringent standard; a plaintiff need only demonstrate a factual nexus that binds potential members of a collective action together." *Gambo v. Lucent Techs., Inc.*, No. 05 C 3701, 2005 WL 3542485, at *4 (N.D. Ill. Dec. 22, 2005). If plaintiffs can satisfy this requirement, then conditional certification is granted and notice can be given to putative claimants. *Persin*, 2005 WL 3159684, at *1. It is not until after notice is given and plaintiffs opt in to the suit that a court will engage in the second step by "rigorously review[ing] whether the representative plaintiff and the putative claimants are in fact similarly situated so that the lawsuit may proceed as a collective action." *Id.*

The magistrate judge was correct in finding that the plaintiffs have made the modest factual showing required at the first stage that defendant had a common policy of both using tip credit employees to perform non-tipped jobs. The deposition testimony of Elizabeth Dye and Tavia Hardy describes a vast array of side jobs they performed during their time as Outback's tip

---

requirement. Because the Court holds that plaintiffs cannot meet the superiority requirement with regard to the state law claims, it need not address whether common issues of fact or law predominate in the IMWL claim.

credit employees.  (*See* Pls.' Ex. 1, Dye Dep. at 320:15-331:25; Pls.' Ex. 2, Hardy Dep. at 53:6-169:8.)  Further, the declarations of five former Outback employees discuss the work servers and hosts performed that was unrelated to the tipped occupation.  (*See* Pls.' Ex. 3, Marion Decl. ¶¶ 10-11; Pls.' Ex. 4, Gruberman Decl. ¶¶ 3-4; Pls.' Ex. 5, Jones Decl. ¶ 3; Pls.' Ex. 6, Clark Decl. ¶ 4; Pls.' Ex. 7, Haywood Decl. ¶ 3.)  Contrary to the defendant's assertion, this evidence does indeed make a "modest factual showing" that the plaintiffs were all victims of a common policy requiring tipped employees to perform non-tipped jobs.

The low threshold of stage one makes it equally appropriate to reject defendant's assertion that plaintiffs failed to make a modest factual showing that they were victims of defendant's common policy of using bartender tips for wrongful purposes.  To support its argument, defendant cites a case from the Southern District of New York, which stands for the proposition that conclusory, non-specific allegations are insufficient to make a proper "modest factual showing."  *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349(DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006).

Defendant's use of *Morales* is misguided.  The *Morales* court denied class certification at the first stage because the plaintiffs had offered virtually no evidence to support their motion.  *See id.* at *2.  The three plaintiffs, who were employees of defendant's company, failed to make reference to any other employees, submit depositions on their own behalf, or offer any proof of a "common policy."  *See id*.

In contrast to *Morales*, plaintiffs in the instant case have provided Dye's deposition, as well as declarations of two former employees, all three of which mention how bartender tip money was used to cover any register shortages.  (Pls.' Ex. 1, Dye Dep. at 291:20-292:4; Pls.' Ex. 3, Marion Decl.¶ 13; Pls.' Ex. 4, Gruberman Decl. ¶ 7.)  Further, both declarations describe

this practice as "Outback's policy." (Pls.' Ex. 3, Marion Decl.¶ 13; Pls.' Ex. 4, Gruberman Decl. ¶ 7.) While the testimony of three former employees is not overwhelming, it is sufficient to make a modest factual showing of a common policy.

Defendant finally argues that the magistrate judge erred in granting certification for plaintiffs' FLSA claim because plaintiffs failed to demonstrate that current and former employees are interested in joining the suit. Defendant's argument falters for two reasons.

First, it is not established law that a demonstration of interest is a prerequisite to collective action under Section 216(b). No court in this circuit has held as such, and defendants cite only a handful of other districts that have adopted such a requirement. Magistrate Judge Denlow did not go along with defendant's attempt to create a new prerequisite, and he was correct in doing so.

Second, even if the Court were to adopt the minority approach and require a showing of interest, plaintiffs here have met that requirement. In the cases cited by defendant, the plaintiffs failed to bring forth *any* specific evidence of other employees' interest. *See O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 179 (D. Mass. 2008); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007); *Simmons v. T-Mobile USA, Inc.*, No. Civ. A H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007). Unlike the plaintiffs in those cases, the plaintiffs in this case have come forth with five declarations from employees that worked with plaintiffs in the Calumet City Outback, and four more declarations from employees from nearby Outback locations. Even if this Court were to require plaintiffs to show that other employees are interested in joining the suit, this Court finds that plaintiffs have shown sufficient interest.

**Conclusion**

For all of the reasons stated, the Court rejects plaintiffs' and defendant's objections to Magistrate Judge Denlow's R&R and adopts the R&R in full. Plaintiffs' motion for class certification is granted in part and denied in part. The motion is granted with respect to plaintiffs' FLSA claim and denied with respect to plaintiffs' IMWL and IWPCA claims. The parties have fourteen days from the date of this Memorandum Opinion and Order to submit an agreed proposed notice to the FLSA class.

**SO ORDERED**            **ENTERED**

*Ronald A. Guzman*

_____
**HON. RONALD A. GUZMAN**
**United States Judge**